## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **ALAN BROWN** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **COMPLAINT** 05-T1178 RGS |
| | ) | and jury trial demand |
| **STATE STREET CORPORATION,** | ) | |
| **and STATE STREET GLOBAL** | ) | |
| **ADVISORS** | ) | |
| **Defendants** | ) | |

RECEIPT #_____
AMOUNT $_____ 250.00
SUMMONS ISSUED __2.
LOCAL RULE 4.1 ___ ⌐
WAIVER FORM ___ ⌐
MCF ISSUED___ ⌐
BY DPTY. CLK.___ M.P.
DATE_____ 6/7/2005

MAGISTRATE JUDGE_____ MBB

### Introduction

1.  This is a civil action by the former Vice Chairman and Group Chief
    Investment Officer of State Street Global Advisors, the largest
    institutional asset manager in the world, against his former employer.
    The plaintiff alleges the defendants breached an agreement he entered
    into with State Street Corporation's Chief Executive Officer as an
    inducement for the plaintiff to remain with the business at a time
    when many other senior managers were leaving.  The plaintiff alleges
    that the defendants abruptly terminated his employment when he
    sought to enforce that agreement.

### Parties

2.  The plaintiff, Alan Brown, is a British citizen and a resident of
    London, England.  Until his termination, he was Group Chief
    Investment Officer and Vice Chairman of State Street Global

Advisors ("SSgA") and an Executive Vice President of State Street Corporation. Mr. Brown has over 30 years experience in investment management. He joined State Street in 1995. He was named Chief Investment Officer of the Year two years consecutively by "Financial News."

3. The defendant State Street Corporation is a Massachusetts corporation with offices in Boston, Suffolk County, Massachusetts. State Street Corporation does business as, among other entities, State Street Global Advisors. SSgA holds itself out as the largest institutional asset manager in the world, with assets under management of approximately $1.4 trillion. It is based in Boston, Massachusetts. (The defendants will be collectively referred to as "State Street.")

## Jurisdiction

4. Jurisdiction is founded on diversity of citizenship and amount. Plaintiff is a citizen of the United Kingdom and defendant is a corporation incorporated under the laws of the Commonwealth of Massachusetts having its principal place of business in Massachusetts. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

5.    Jurisdiction is further founded on federal question jurisdiction

pursuant to 28 U.S.C. § 1331 in that this action arises under federal

law, the Employee Retirement Income Security Act of 1974, 29

U.S.C. § 1001, *et seq.*.

6.    Venue is proper in this Court in accordance with 28 U.S.C. §

1391(a)(1) and (2).

### Facts

7.    Mr. Brown began working for State Street in 1995.

8.    Mr. Brown initially served as Managing Director of State Street

Global Advisors Limited, then called State Street Global Advisors

U.K. Limited, the United Kingdom operations of SSgA.

9.    In 1996, Mr. Brown became Non-U.S. Chief Investment Officer of

SSgA and, in 1997, Group Chief Investment Officer of SSgA.

Although he maintained his London residence, he was in daily contact

with the Boston office and worked approximately one week per month

in the United States, in addition to traveling world wide.

10.    In 2000, Mr. Brown was appointed Executive Vice President of State

Street Corporation. He received bonuses and benefits in that capacity.

11.    In 2003, State Street offered a Voluntary Separation Plan to many of

its employees and an enhanced Executive Voluntary Separation Plan

to Executive Vice Presidents as an inducement to accept early retirement. (Both plans are herein collectively referred to as "VSP").

12.    An unexpectedly large number of employees opted for early retirement under this program, including two of the four senior managers at SSgA. As a result, State Street became concerned that it would lose all senior management at SSgA, including Mr. Brown.

13.    In response to this concern and at Mr. Brown's suggestion, at a meeting in Boston in or about June 2003, David Spina, Chairman and Chief Executive Officer of State Street Corporation, offered a modified VSP package to Mr. Brown and another senior SSgA manager, SSgA's Chief Executive Officer, if they would agree not to leave the company in the immediate future but, instead, to remain active as leaders of SSgA. Mr. Spina proposed extending the time in which these senior managers could opt for the VSP package up to age 55, rather than the brief opt-in period then available for other State Street employees. Mr. Brown was 50 years old at that time.

14.    Mr. Brown accepted Mr. Spina's offer.

15.    The value to Mr. Brown of the VSP benefits is several million dollars.

16.    In reliance on Mr. Spina's commitment to extend his eligibility for the VSP to age 55, Mr. Brown continued to work for SSgA and to devote

his time and energies to the company's best interests. Mr. Brown chose not to pursue potential employment with other firms in reliance on Mr. Spina's commitment to extend the VSP option to him.

17.    Mr. Spina memorialized his commitment to Mr. Brown in a letter dated June 30, 2004 to the Chairman of the State Street Corporation Compensation Committee. In that letter Mr. Spina specifically informed that committee that he had made a "commitment" to Mr. Brown and Tim Harbert, SSgA chairman, that "[i]n exchange for their continued commitment to remain active as leaders of SSgA, State Street Corporation would hold available for them the same separation package the company was offering U.S. employees under what is known as the Voluntary Separation Program (VSP)" up to age 55.

18.    Other employees to whom Mr. Spina extended modified VSP commitments have been permitted to opt for the VSP package in accordance with the modified terms of Mr. Spina's commitment, rather than being held to the terms of the standard VSP applicable to other State Street employees.

19.    Mr. Spina was replaced as Chairman and Chief Executive Officer by Ronald Logue. On January 13, 2004, Mr. Logue affirmed to Mr. Brown that Mr. Brown was eligible for a modified VSP package in

accordance with Mr. Spina's commitment. Similarly, Luis J. de Ocejo,
senior vice president for Human Resources, also confirmed Mr.
Brown's entitlement to the VSP benefits.

20.    On March 11, 2005, Mr. Brown notified Mr. Logue that he was
electing to exercise his rights under the VSP.

21.    In response to this notification, State Street terminated Mr. Brown's
employment and denied that he was entitled to any VSP benefits.
State Street has refused to provide Mr. Brown with the benefits of the
VSP program.

### COUNT ONE
### EMPLOYEE RETIREMENT INCOME SECURITY ACT VIOLATION
### 29 U.S.C. §§ 1132(a)(1)(B) and 1140

The plaintiff repeats and realleges the foregoing.

22.    The VSP concerned and related to the provision of one or more
employee benefit plans.

23.    The defendants discharged and discriminated against Mr. Brown in
retaliation for his exercise of his rights under such plan.

24.    The defendants discharged and discriminated against Mr. Brown with
the purpose of interfering with the attainment of the rights to which he
was entitled under such plans.

25.    The defendants failed and refused to provide Mr. Brown with the benefits of such plans.

## COUNT TWO
## BREACH OF CONTRACT

The plaintiff repeats and realleges the foregoing.

26.    Mr. Spina had actual authority to commit State Street to the modified VSP benefits agreement he offered to Mr. Brown and that Mr. Brown accepted.

27.    In addition, Mr. Spina had apparent authority to commit State Street to the modified VSP benefits agreement he offered to Mr. Brown and that Mr. Brown accepted.

28.    Mr. Spina's offer of the modified VSP benefits to Mr. Brown in return for Mr. Brown's commitment to remain an active leader of SSgA and Mr. Brown's acceptance of that offer constituted an offer and acceptance such that a contract was created between Mr. Brown and State Street.

29.    Mr. Brown continued to work for State Street in accordance with the terms of that contract and his other contractual relationships with State Street and its subsidiaries.

30.    State Street breached this contract by failing to provide Mr. Brown with the VSP benefits called for by this contract.

## COUNT THREE
## DETRIMENTAL RELIANCE, PROMISSORY ESTOPPEL

The plaintiff repeats and realleges the foregoing.

31.   State Street reasonably expected the above promises and statements by Mr. Spina to induce Mr. Brown to continue in his employment, to decline other employment prospects and to accept Mr. Spina's offer in regard to the modified terms of the VSP package.

32.   Mr. Brown did rely on Mr. Spina's promises and representations. Such reliance was reasonable in the circumstances. He continued his employment with State Street. He chose not to follow up on potentially lucrative alternative employment prospects from time to time and he devoted thousands of hours both at home and far from home to State Street's interests.

## COUNT FOUR
### Breach of covenant of good faith and fair dealing

The plaintiff repeats and realleges the foregoing.

33.   Mr. Brown performed all duties required of him to receive the benefits to which Mr. Spina committed.

34.   State Street discharged Mr. Brown in an attempt to avoid paying him the VSP benefits Mr. Spina promised would be paid.

35.    By the above conduct the defendants breached the covenant of good faith and fair dealing implied in their employment contract with the plaintiff.

36.    WHEREFORE, the plaintiff demands judgment against the defendants as follows:

    a.    For the full amount of all past, present and future benefits due to him pursuant to the VSP and all other benefit plans in which he is entitled to participate.

    b.    For the full amount of his damages.

    c.    A declaratory judgment, pursuant to 29 U.S.C. § 1332(a)(1)(B), stating Mr. Brown's rights to receive all benefits due to him pursuant to the VSP.

    d.    For the full amount of his attorneys fees and costs in this action, pursuant to 29 U.S.C. § 1332(g)(1).

    e.    Interest and costs in this action.

    f.    Such other relief as this Court deems just.

**Jury demand** – The plaintiff demands a jury trial.

Alan Brown, plaintiff
By his attorneys,

HARVEY A. SCHWARTZ
BBO. # 448080
LAURIE A. FRANKL
BBO # # 647181
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108
(617) 742-7010

Date:  June 6, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) __Alan Brown v. State Street Corp., et. al.__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    | | | |
    |---|---|---|
    | ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
    | ☑ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases |
    | ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
    | ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
    | ☐ | V. | 150, 152, 153. |

    **05 11178 RGS**

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    none

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☑
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☑    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☑      Central Division ☐      Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐      Central Division ☐      Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Harvey A. Schwartz, Rodgers, Powers & Schwartz LLP__
ADDRESS __18 Tremont Street, Boston MA  02108__
TELEPHONE NO. __617 742-7010__

(CategoryForm.wpd - 5/2/05)

℠JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as prov by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initia the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brown, Alan

## DEFENDANTS
State Street Corporation and State Street Global Advisors

**(b)** County of Residence of First Listed Plaintiff   United Kingdom
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Harvey A. Schwartz, Rodgers, Powers & Schwartz LLP, 18 Tremont Street
Boston MA 02108  (617) 742-7010  BBO #448080

Attorneys (If Known)

05 11178 RGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Pla and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced a Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☒ 890 Other Statutory Action<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization<br>☐ 893 Environmental Matter<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determin Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to Dis Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA, 29 U.S.C. s. 1001 et. seq.
Brief description of cause:
PLaintiff allages he was denied benefits in violation of his ERISA rights and contract rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE
June 7, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

Print