UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------- x
ALAN BROWN,                                             :   Case No. 05 Civ. 11178 (NG)
                                                        :
                Plaintiff,                        :
                                                        :
    -against-                                          :
                                                        :
STATE STREET CORPORATION                                :
and STATE STREET GLOBAL                                 :
ADVISORS,                                               :
                                                        :
                Defendants.                       :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNT I OF THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

                                                Peter E. Calamari (*Pro Hac Vice*)
                                                Rex Lee (*Pro Hac Vice*)

                                                QUINN EMANUEL URQUHART
                                                  OLIVER & HEDGES, LLP
                                                335 Madison Avenue, 17th Floor
                                               New York, New York 10017
                                               (212) 702-8100

                                               Attorneys for Defendants
                                                State Street Corporation
                                                and State Street Global Advisors

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.  BROWN IS NOT A "PARTICIPANT" IN THE VSP ........................................... 3

II. THE VSP IS NOT A "PLAN" UNDER ERISA ..................................................... 5

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page

### Cases

*Belanger v. Wyman Gordon Co.*,
  71 F.3d 451 (1st Cir. 1995) ............................................................................................ 8

*Crawford v. Lamantia*,
  34 F.3d 28 (1st Cir. 1994) ............................................................................................... 4

*Firestone Tire and Rubber Co. v. Bruch*,
  489 U.S. 101 (1989) ....................................................................................................... 4

*Fort Halifax Packing Co., Inc. v. Coyne*,
  482 U.S. 1 (1987) ........................................................................................................ 7, 8

*Nahigian v. Leonard*,
  233 F. Supp. 2d 151 (D. Mass. 2002) ............................................................................ 3

*New England Mut. Life Ins. Co., Inc. v. Baig*,
  166 F.3d 1 (1st Cir. 1999) ............................................................................................... 8

*O'Connor v. Commonwealth Gas Co.*,
  251 F.3d 262 (1st Cir. 2001) ................................................................................... 6, 8, 9

*White v. Bell Atlantic Yellow Pages*,
  No. Civ. A. 01-10157-DPW, 2004 WL 594957 (D. Mass. Mar. 23, 2004) ................... 6

*Young v. Lepone*, 305 F.3d 1
  (1st Cir. 2002) ................................................................................................................. 2

### Statutes

29 U.S.C. § 1002(3) ............................................................................................................. 7

29 U.S.C. § 1002(7) ............................................................................................................. 4

29 U.S.C. § 1132(a) ......................................................................................................... 3, 5

29 U.S.C. § 1140 .............................................................................................................. 3, 5

Defendants State Street Corporation (the "Corporation") and State Street Global Advisors ("SSgA") (collectively "State Street")[1] respectfully submit this memorandum of law in support of their Motion, made pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count I of plaintiff's Complaint dated June 6, 2005 (the "Complaint"), for failure to state a claim against State Street upon which relief can be granted.

## PRELIMINARY STATEMENT

In Count I of the Complaint, Brown brings a claim under the Employee Retirement Income Security Act ("ERISA"), asserting that State Street discharged and discriminated against him in violation of 29 U.S.C. §§ 1132(a)(1)(B) and 1140. His claim fails, however, for two different yet interrelated reasons. First, Brown does not – and cannot – plead he is or ever was a "participant" in the Corporation's Voluntary Separation Program, a fundamental element of an ERISA claim. Second, he does not – and cannot – make out another fundamental element of an ERISA claim: that the Voluntary Separation Program constitutes a "plan" under ERISA. Because of these deficiencies, Count I of the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

In 2003, in an effort to reduce the size of its United States workforce, State Street initiated a voluntary separation program offering severance pay and certain other benefits for U.S. employees who opted to terminate their employment, whether or not they were at or near retirement age. This plan was commonly referred to as the "VSP" and, in so far as it applied to executive employees, the "EVSP" (referred to collectively

---

[1] State Street Global Advisors is an unincorporated, global business unit of State Street Bank and Trust Company (the "Bank"), a wholly-owned subsidiary of State Street Corporation.

1

as the "VSP"). The VSP offered U.S. employees, during a forty-five day opt-in period in the summer of 2003, a "one-time" election to voluntarily terminate their employment with State Street. *See* Executive Voluntary Separation Program Decision Guide ("Separation Guide")[2] at 3, 19, attached as Exhibit 1 to the accompanying Declaration of Rex Lee, dated August 16, 2004 (the "Lee Declaration").[3]

*The VSP*

The VSP itself had two main components – a severance payment and an enhanced retirement income benefit. Severance was to be a single lump-sum payment based on a mathematical computation that took into account an employee's pay rate and the number of years of his or her service. Separation Guide at 13. The VSP also included continued medical and life insurance coverage. *Id.* at 15-16. Significantly, the VSP did not employ discretionary criteria in determining any of these benefits. *See id.* at 7-18. Nor did it contemplate a long-term scheme for determining an employee's continued eligibility. *See id.* Nor did it include any administrative appeals process for aggrieved employees to challenge eligibility or benefit decisions. *See id.* In short, the VSP was a straightforward severance package offered by State Street to its U.S. employees with none of the attributes of an ERISA plan.

---

[2] There were seven groups of employees eligible to participate in the VSP. Lee Declaration ¶ 3. Accordingly, State Street distributed at least four versions of a guide describing the particular benefits applicable to each employee group. *Id.* Each version indicated that the VSP was available only to those who were on the U.S. payroll and were employed by State Street Bank and Trust Company, or an affiliated company that was a participating employer under the State Street Retirement plan. *Id.* The particular guide attached here is included solely to provide the Court with an example of the program materials and is not exclusively relied upon by State Street. *Id.*

[3] It is proper for the Court to consider the Separation Guide in ruling on this Motion. Brown's ERISA claim revolves entirely around the provisions of the VSP, which are set forth primarily in the Separation Guide. Because the VSP is integral to Brown's Complaint, the Court should consider it even though it was not attached to or incorporated by reference in the Complaint. *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) ("When the factual allegations of a complaint revolve around a document whose authenticity is unchallenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") (internal quotation marks and citations omitted).

*The Alleged Promise*

In 1995, Alan Brown, a British citizen and resident of London, England, began working for a United Kingdom affiliate of State Street, as part of SSgA. CPLT ¶¶ 2, 7-8.

In his Complaint, Brown claims that in June 2003, David Spina ("Spina"), then Chairman and Chief Executive Officer of the Corporation, verbally offered him "a modified VSP package" in exchange for Brown's promise that he would not leave SSgA. CPLT ¶ 13. Brown fails, however, to allege that he was actually included in the VSP or that he was entitled to any of its benefits. At most, Brown alleges that Spina promised him an arrangement that would be similar to the VSP. Thus, he asserts that Spina promised to hold available for Brown "the *same* separation package the company was *offering U.S. employees*" under the VSP. CPLT ¶ 17 (emphasis added).

## ARGUMENT

### I.  BROWN IS NOT A "PARTICIPANT" IN THE VSP

As a threshold matter, to state a claim for benefits under §§ 502(a)(1)(B) and 510 of ERISA, a plaintiff must show that he or she is a "participant" in or a "beneficiary" of the ERISA plan on which the plaintiff's claim is based. 29 U.S.C. §§ 1132(a), 1140; *Nahigian v. Leonard*, 233 F. Supp. 2d 151, 165 (D. Mass. 2002).

Though he bases his ERISA claim on the VSP, Brown never once affirmatively alleges that he is or was a "participant" in the VSP, nor does he allege that he was eligible for benefits under the program initially offered by State Street. The best that Brown can allege is that Spina offered him a "*modified* VSP package," CPLT ¶ 13 (emphasis added) and that State Street committed to "*extend* the VSP option to him."

3

CPLT ¶ 16 (emphasis added). While Brown tries to dress up his garden-variety contract claim as an ERISA claim, his failure to allege a fundamental element of an ERISA claim – namely, that he was a "participant" – is fatal.

Nor can Brown cure his pleading deficiency. Under ERISA, the term "participant" includes in relevant part "any employee or former employee of an employer…who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).

Though the definition of "participant" may seem expansive, the United States Supreme Court has strictly interpreted its words. In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989), the plaintiff urged the Court to interpret the statutory definition to include any plaintiff who merely claimed to be a "participant" under ERISA. The Court rejected this interpretation, holding that it would violate congressional intent by effectively replacing "participant," the term Congress chose to use in the statute, with the much broader term "claimant." *Id.* Instead, the Court interpreted "participant" to include "employees in, or reasonably expected to be in, currently covered employment, or former employees who have…a reasonable expectation of returning to covered employment *or who have a colorable claim to vested benefits*." *Id.* (internal quotation marks and citations omitted) (emphasis added).

Because Brown no longer works for State Street (and has not alleged that he reasonably expects to return), he must assert that he has a colorable claim to benefits under the VSP – that is, he is entitled to benefits under State Street's early termination program and that State Street's actions had a direct effect on those benefits. *See Crawford v. Lamantia*, 34 F.3d 28, 33 (1st Cir. 1994) (held that plaintiff failed to

4

establish a "colorable claim" as he could not show that defendants' actions had an "inevitable effect" on his benefits).

But as a matter of law, Brown cannot do so because, as he admits in his Complaint, he is a British citizen, was employed by a U.K. affiliate of SSgA, and worked at all relevant times in London. CPLT ¶¶ 2, 8-9. These allegations defeat Brown's claim because the VSP, by its express terms, was available only to those who were "on the U.S. payroll" and employed "by State Street Bank and Trust Company or an affiliated company that is a participating employer under the State Street Retirement Plan." Separation Guide at 3. Brown never alleges that he satisfied either requirement. Though Brown deliberately ignores the Separation Guide, the fact is State Street offered the VSP only to employees on the U.S. payroll. *Id.* Indeed, it would have been meaningless for State Street to offer the VSP to employees who were not on the U.S. payroll since one of the key benefits of the VSP was an enhanced retirement benefit under the U.S. Retirement Plan, for which Brown, as a U.K. employee, was not eligible. Consequently, Brown is incapable of alleging – let alone establishing – that he is a "participant" in the VSP and, thus, his ERISA claim should be dismissed.

## II.   THE VSP IS NOT A "PLAN" UNDER ERISA

Aside from Brown's failure to show that he was a "participant" in the VSP, his claim should be dismissed because the VSP is not a "plan" under ERISA. It is axiomatic that the civil remedies of §§ 502(a)(1)(B) and 510 only apply to an ERISA "plan." 29 U.S.C. §§ 1132(a), 1140. A plan that does not satisfy the requirements of ERISA cannot give rise to an ERISA claim. *White v. Bell Atlantic Yellow Pages*, No.

5

Civ. A. 01-10157-DPW, 2004 WL 594957, at *7 (D. Mass. Mar. 23, 2004) ("If there is no ERISA 'plan,' there is no ERISA claim.").

As an initial matter, Brown fails to allege that the VSP is or qualifies as an ERISA plan. This failure alone warrants dismissal.

Nor could he make such an allegation in good faith. That is because the Separation Guide demonstrates that the VSP was a one-time, take-it-or-leave-it severance package, not an ERISA "plan." The VSP's forty-five day election period and eligibility minimums, requiring only that an employee be on the U.S. payroll and have served State Street for at least one year, demonstrate that it was a one-shot, short-term strategy to cut costs by encouraging voluntary termination of employment. Separation Guide at 3, 19.

Moreover, the VSP only described the mechanical enhancements to how an eligible employee's benefits were calculated under pre-existing benefit plans. The VSP did not provide these benefits itself. For example, the VSP described the additional crediting of years to certain eligible employees' age and years of service in computing the employees' retirement benefits under their specific retirement plans. *Id.* at 7. Likewise, the VSP described enhanced severance pay that would be payable from the severance pay plan. *Id.* at 13. Such arrangements do not create an ERISA "plan." *See O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 270 (1st Cir. 2001) (held that ERISA did not apply to a pension credit requiring underlying pension benefit plan to begin disbursements sooner).

Because the VSP offered only automatic enhancements to certain benefit plans that preceded the VSP, State Street had no discretion in determining what an employee received; rather, simple arithmetic dictated the employee's benefits. To the

extent that any ongoing administration was required it was required by the terms of the prior plans, not the VSP. Since the VSP was a time-specific voluntary exit offer, it imposed no long-term fiduciary obligations or administrative burdens on State Street to determine eligibility under the VSP. Indeed, noticeably absent from the program is any administrative appeals process for aggrieved employees to challenge eligibility determinations. Such an appeals process was unnecessary because the employee, once he or she elected to participate in the VSP, automatically received benefits provided by the underlying plans.

This non-discretionary/non-fiduciary aspect of the VSP disqualifies it from being an ERISA plan. Indeed, as the caselaw makes clear, ERISA "plans" are limited to those that require ongoing administrative schemes subject to possible mismanagement. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11-12 (1987).

Specifically, under the ERISA statute, the term "plan" is defined as "an employee welfare benefit plan or an employee pension benefit plan" or a plan combining aspects of both. 29 U.S.C. § 1002(3). The Supreme Court elaborated on this confusing definition in *Fort Halifax*. There, the defendant argued that ERISA preempted a state statute, requiring it to provide a one-time severance payment to employees in the event of a factory closing. Rejecting this argument, the Court concluded that the statute did not involve a "plan" under ERISA.

According to the Supreme Court, Congress designed ERISA not only to streamline the regulations governing benefit plans' complex administrative activities, but also to protect employees from the threat of abuse or mismanagement of funds. *Fort Halifax*, 482 U.S. at 11-16. Thus, the Court held that a program is an ERISA "plan" only

if it requires an "ongoing administrative" scheme "potentially subject to employer abuse." *Id.* at 16.

Following *Fort Halifax,* the crucial question in determining whether a plan qualifies under ERISA is how much discretion an employer has in administering its benefits program. *O'Connor*, 251 F.3d at 267. If, throughout the administration of its program, an employer is required to make individualized decisions, the threat of mismanagement is more likely and ERISA governs. *Id.* By contrast, if an employer makes benefit payments according to an objective and mechanical formula that does not involve the exercise of discretion, the threat of abuse is absent and ERISA does not apply. *Id.* Put differently, if the severance package at issue resembles "a one-time, take-it-or-leave-it [early retirement] incentive," it is not an ERISA "plan." *Id.*; *Belanger v. Wyman Gordon Co.*, 71 F.3d 451, 455-56 (1st Cir. 1995) (early retirement plan offering lump-sum bonus based on pay rate and weeks of service did not involve long-term administrative commitment and, thus, was not an ERISA "plan"); *see also New England Mut. Life Ins. Co., Inc. v. Baig*, 166 F.3d 1, 4-5 (1st Cir. 1999) (employer's reimbursement of insurance premiums paid directly by employee involved minimal financial and fiduciary obligations and, thus, did not create an ERISA "plan").

*O'Connor* is particularly instructive. There, the plan provided early retirement incentives, which employees could receive only by electing to retire within a specified time period. Like the VSP, these benefits included, among other things, a pension credit and a severance bonus providing for a one-time lump-sum payment. Concluding that the plan, when elected, calculated an employee's benefits automatically and according to a mechanical formula that did not require individualized decisions, the

First Circuit held that the program was not a "plan" under ERISA. *O'Connor*, 251 F.3d at 272.

Like the voluntary termination program in *O'Connor*, the VSP did not require – or for that matter permit – State Street to make individualized decisions in calculating an employee's benefits. Once an employee's election of the VSP became irrevocable, State Street had no discretion in either determining the employee's eligibility for VSP benefits or in deciding how much the employee would receive. In sum, for the foregoing reasons, the VSP is not a "plan" under ERISA and Brown's claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, State Street respectfully requests that Count I of the Complaint be dismissed with prejudice, and that the Court grant such other and further relief as it deems appropriate.

Dated: New York, New York
       August 16, 2005

                                          Respectfully submitted,

                                          QUINN EMANUEL URQUHART
                                            OLIVER & HEDGES, LLP

                                        By: ____/s/ Peter Calamari_____
                                              Peter E. Calamari (*Pro Hac Vice*)
                                              Rex Lee (*Pro Hac Vice*)

                                        335 Madison Avenue, 17th Floor
                                        New York, New York 10017
                                        (212) 702-8100

                                        Attorneys for Defendants
                                          State Street Corporation
                                          and State Street Global Advisors