UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN BROWN     Plaintiff  v.   STATE STREET CORPORATION,  STATE STREET BANK, STATE  STREET GLOBAL ADVISORS, and  STATE STREET GLOBAL  ADVISORS, U.K.     Defendants | )  )  )  )  )   C.A. No. 05-11178-NG  )  )  )  )  )  )  )  ) |

**PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF REX LEE
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COUNT I OF THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

The plaintiff moves to strike the Affidavit of Rex Lee in Support of Defendants' Motion To Dismiss Count I of the Complaint and the attached document. The affidavit should be disregarded because it is not based on personal knowledge, but, instead, is based on "information and belief." The document attached to the affidavit should not be considered because a Fed. R. Civ. P. 12(b)(6) motion to dismiss must be decided based solely on those facts that "may be derived from the complaint, whatever documents are either annexed to it or fairly incorporated into it, and any relevant matters that are susceptible to judicial notice." *Redondo-Borges v. United States HUD*, 2005 U.S. App. LEXIS 18436, 6 (1st Cir. 2005). The document attached to Attorney Lee's complaint is not "fairly incorporated" into the complaint. Instead, the document purports to be but one of what he believes were four different standard State Street Voluntary Separation

Plans ("VSP") and, certainly, **not** the "modified VSP package" offered to Brown that is referred to repeatedly in the complaint. Complaint ¶¶ 13, 18, 19, 26, 27, 28, 31.

A.   **The affidavit is not based on personal knowledge.**

Attorney Lee's affidavit is inadmissible because it is based "on information and belief" and not personal knowledge. Rule 56(e) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The affidavit meets none of these requirements. In the third paragraph of the affidavit – the only paragraph containing any factual allegations – Attorney Lee states that the information concerning the document he submits is based "[u]pon information and belief," rather than personal knowledge. He certainly does not demonstrate that he is competent to testify at trial concerning the details of any VSP plan offered to Brown, or any plan whatsoever.

To quote from Judge Selya (whose authorship can be inferred from the recondite wordmongering) in *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991), "It is apodictic that an affidavit . . . made upon information and belief . . . does not comply with Rule 56(e)." *See Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831, 94 L. Ed. 1312, 70 S. Ct. 894 (1950) ("All affidavits or portions thereof made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary

judgment"). *See also Scott v. Sulzer Carbomedics, Inc.*, 2001 U.S. Dist. LEXIS 8799 (D. Mass. 2001) (Gertner, J.) (Same).

    For that reason alone, Attorney Lee's affidavit should be stricken.

**B.**    **The document attached to the affidavit is not incorporated in the complaint.**

    The affidavit discusses "at least" four versions of VSP guides distributed to employees and then discusses what "each version" states. (Lee affidavit ¶ 3). Not only is none of this information based on personal knowledge, but none of these documents are referred to in the complaint such that they should be relied on in considering a motion to dismiss. Ordinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b)(6). However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties, for official public records, for documents central to plaintiffs' claim, or for documents sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 2 (1st Cir. 1993). *See Perry v. New Eng. Bus. Serv., Inc.*, 347 F.3d 343, 345 n.2 (1st Cir. 2003) (*quoting Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)) ("Where, as here, 'a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'")

The VSP document attached to Attorney Lee's affidavit meets none of these requirements.

First, the plaintiff does not agree to either the authenticity of the document nor that it states the terms of the proposal made by Spina and accepted by Brown. *See* Complaint ¶ 13.

Similarly, the document is neither "central" to Brown's claims nor "sufficiently referred to in the complaint." The complaint repeatedly discusses a "modified" VSP plan having been offered to Brown. Complaint ¶¶ 13, 18, 19, 26, 27, 28, 31. If any plan is incorporated in the complaint, it is this "modified" plan, not the one attached to the affidavit. On its very face the document submitted with the affidavit purports to be a standard VSP guide and not a "modified" one. For that reason alone, it fails to have been incorporated by reference in the complaint.

State Street grudgingly acknowledges the tentative nature of its submission, concluding Attorney Lee's affidavit with the caveat, "The particular guide attached here is included solely to provide the Court with an **example** of program materials and is not exclusively relied upon by State Street." Lee affidavit ¶3 (emphasis added). While this material may be interesting as an "example" of what State Street offered to employees **other than Brown**, on a Rule 12(b)(6) motion it is inadmissible and may not be considered by the Court for any purpose. The affidavit and the attached document should be stricken.

- 5 -

                                                Alan Brown, plaintiff
By his attorneys,

/s/ Harvey A. Schwartz
HARVEY A. SCHWARTZ
 BBO. # 448080
LAURIE A. FRANKL
 BBO # # 647181
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108
(617) 742-7010

Date:  September 21, 2005