UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------ x
ALAN BROWN,                                                  :   Case No. 05 Civ. 11178 (NG)
                                                             :
                     Plaintiff,                                        :
                                                             :
       -against-                                            :
                                                             :
STATE STREET CORPORATION                                     :
and STATE STREET GLOBAL                                      :
ADVISORS,                                                    :
                                                             :
                     Defendants.                                       :
------------------------------------------------------------ x

## ASSENTED-TO MOTION FOR LEAVE
## TO FILE EIGHT-PAGE REPLY MEMORANDUM

      Defendants State Street Corporation and State Street Global Advisors respectfully move the Court, pursuant to Local Rule 7.1(b)(3) and with plaintiff's assent, for leave to file an eight-page reply memorandum in further support of defendants' motion to dismiss Count I of plaintiff's Complaint (the "Motion to Dismiss"). The grounds for this motion are:

      1.      Defendants filed the Motion to Dismiss on August 16, 2005.

      2.      On September 21, 2005, plaintiff filed a 20-page opposition to the Motion to Dismiss and a motion to strike a declaration submitted by defendants in support of the Motion to Dismiss.

      3.      Plaintiff's opposition contains arguments that warrant a response, as well as an admission that could lead to the dismissal of the Complaint in its entirety.

      4.      Defendants therefore have prepared, and respectfully request leave to file, an eight-page reply memorandum, which is attached hereto as Exhibit A.

      5.      The reply memorandum will assist the Court in its consideration of defendants' Motion to Dismiss.

6.   Plaintiff has assented to this motion for leave.

WHEREFORE, defendants respectfully request leave to file the accompanying reply memorandum.

Dated:   New York, New York
         October 5, 2005

Respectfully submitted,

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

By:   /s/ Peter Calamari
    Peter E. Calamari (*Pro Hac Vice*)
    Rex Lee (*Pro Hac Vice*)

335 Madison Avenue, 17th Floor
New York, New York 10017
(212) 702-8100

HARE & CHAFFIN

By:   /s/ David B. Chaffin
    David B. Chaffin
    BBO No. 549245

160 Federal Street
Boston, MA  02110
(610) 330-5000

Attorneys for Defendants
  State Street Corporation
  and State Street Global Advisors

# Exhibit A

```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------- x
ALAN BROWN,                                             :    Case No. 05 Civ. 11178 (NG)
                                                        :
                            Plaintiff,                  :
                                                        :
              -against-                                 :
                                                        :
STATE STREET CORPORATION                                :
and STATE STREET GLOBAL                                 :
ADVISORS,                                               :
                                                        :
                            Defendants.                 :
------------------------------------------------------- x
```

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT I OF THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants State Street Corporation (the "Corporation") and State Street Global Advisors ("SSgA") (collectively "State Street") respectfully submit this reply memorandum of law in further support of their Motion, made pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count I of plaintiff's Complaint dated June 6, 2005 (the "Complaint"), for failure to state a claim against State Street upon which relief can be granted.

### PRELIMINARY STATEMENT

State Street's opening papers demonstrated that Count I of Brown's Complaint should be dismissed because the Voluntary Separation Program (the "VSP") is not a "plan" under ERISA. Brown does not dispute, and thus tacitly concedes, that he has absolutely no claim for ERISA benefits, or any benefits for that matter, under the VSP. Faced with this undeniable fact, Brown drops any claim to the VSP enhancements and instead argues that (1) his special "modified-VSP" is an ERISA "plan" or (2) alternatively he sought benefits from "several other ERISA plans" and not the VSP.

Neither argument has merit.

First, Brown invents terms of his "modified-VSP" that appear nowhere in the Complaint, but he nonetheless fails to establish that even these new allegations create an ERISA "plan." Because of this failure alone, Count I of the Complaint should be dismissed with prejudice. Second, his newfound reliance on "several other ERISA plans" is misplaced. If that argument were accepted his claims for benefits under those plans would completely preempt his state law claims and the Court should dismiss his entire Complaint. This is because oral amendments, as a matter of law, are unenforceable under ERISA, and Brown cannot establish that any of his claims are based on any written amendment to these "several other ERISA plans."

## ARGUMENT

### I.    BROWN'S "MODIFIED-VSP" IS NOT AN ERISA PLAN

In his Complaint, Brown wavers between claiming benefits under the VSP, *see, e.g.*, CPLT ¶ 15 ("The value to Mr. Brown of *the VSP benefits* is several million dollars.") (emphasis added), and his "modified-VSP." Brown now appears to abandon any claim under the VSP and shifts his target to a so-called "modified-VSP." *See* Opp. at 12-20. This move is fatal to his ERISA claim.

As an initial matter, Brown fails to allege anywhere in his Complaint that his "modified-VSP" is or qualifies as an ERISA plan. In fact, as he admits, he fails to allege any of its substantive terms. *See* Opp. at 11 n.7 ("The complaint…[is] silent as to the specifics of the **modified** plan") (emphasis in original). His ERISA claim should therefore be dismissed for this reason alone. *See* Defs.' Br. at 5-9.

2

Nor does Brown reference in or attach to his Complaint any written agreement that describes his "modified-VSP." Despite Brown's creative invention of its terms in his opposition papers, *see* Opp. at 18-19, the only specific term that he mentions in the Complaint is that, despite his ineligibility for the VSP, David Spina ("Spina") orally discussed holding the VSP open to him for five years. CPLT ¶¶ 13, 16. Oral discussions, however, do not create an ERISA plan because ERISA requires that "[e]very employee benefit plan…be established and maintained pursuant to a written instrument." 29 U.S.C. 1102(a)(1); *see also Fenton v. John Hancock Mutual Life Ins. Co.*, 400 F.3d 83, 88 (1st Cir. 2005) (granting summary judgment for defendant where plaintiff employees failed to present any written plan supporting their claims). Indeed, without a writing and relying only on oral discussions, Brown cannot establish that his modified plan has any of the features ERISA requires that every single plan have, including express procedures for funding and amending the plan. *See* 29 U.S.C. 1102(b). His failure to show any written plan containing the terms of his "modified-VSP" further warrants dismissal of his ERISA claim.

Brown also argues that the Court does not have enough facts to rule on this issue as if he did not deliberately omit every detail regarding his modified plan. *See* Opp. at 12-17. Yet, despite his arguments, there are sufficient facts to rule on this issue because there is only one relevant question: whether Brown's "modified-VSP" requires an ongoing administrative scheme. Defs.' Br. at 7-8; *see also Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11-12 (1987). He claims that it did because (1) he was eligible to participate for five years and would receive payment installments for another five and (2) he was subject to discharge for cause. *See* Opp. at 18. Both arguments fail.

3

First, as discussed in State Street's opening papers, a voluntary termination offer does not require ongoing supervision if it only describes how an eligible employee's benefits are mechanically enhanced and does not provide these benefits itself. Defs.' Br. at 5-9. The number of payments or the length of time over which an eligible participant receives such payments does not change the fact that such programs only involve "a straightforward computation of a one-time obligation." *Delaye v. Agripac, Inc.*, 39 F.3d 235, 237 (9th Cir. 1994) ("[s]ending…a check every month…does not rise to the level of an ongoing administrative scheme."); *see also O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 270 (1st Cir. 2001) (holding that ERISA did not apply to pension credit that only required underlying pension plan to begin disbursements sooner). Under the VSP, an employee's projected age and tenure were determined as of August 31, 2003, and the employee's applicable pay rate was calculated as of April 1, 2003. Separation Guide at 3.[1] These were not subject to change after the cut-off date. Thus, the length of time an eligible employee would receive benefits is irrelevant.

Regarding his second argument, Brown relies on *Simas v. Quaker Fabric Corp. of Fall River*, 6 F.3d 849, 852-53 (1st Cir. 1993) to argue that the VSP's condition of continued employment is the same as ongoing supervision. *See* Opp. at 14, 18-19. *Simas*, however, is entirely inapposite because there the employer was required to determine "*whether* the employee was discharged for cause…." 6 F.3d at 853 (emphasis added). Here, the VSP's requirement that an employee remained employed until the

---

[1] Despite Brown's claims, *see* Opp. at 3, State Street has never asked the Court to rely exclusively on the Separation Guide. Rather as discussed in State Street's Opposition to Plaintiff's Motion to Strike, State Street candidly informed the Court that there are multiple versions of the VSP guide. It submitted only one to the Court as a representation of the program materials because all the guides contain the same critical information. *See* Lee Decl. at ¶ 3.

employee's termination date did not require State Street to determine *whether* in hindsight it had terminated an employee for cause.[2] *See* Separation Guide at 3. Under the VSP, an employee was employed or not employed; much like whether an employee was on the U.S. payroll, State Street had no discretion in making that determination. *See* Separation Guide at 3. Indeed, Brown's interpretation of *Simas* would thrust into ERISA every severance agreement containing a "continued employment" provision whether or not it involves ERISA benefits. This is just not the law.

## II. ORAL AMENDMENTS ARE UNENFORCEABLE UNDER ERISA AND THUS THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

Unable to demonstrate that either the VSP or his "modified-VSP" are "plans," but desperate to get within ERISA's coverage, Brown argues that it is irrelevant whether he is entitled to VSP or "modified-VSP" enhancements.[3] *See* Opp. at 8 ("Perhaps he was entitled to have those benefits enhanced…by the VSP."). Rather, he now maintains that his ERISA claim arises exclusively from the benefit plans underlying his "modified-VSP."[4] *See* Opp. at 7-11. Brown, however, cannot save his ERISA claim no matter how many times he shifts his target.

---

[2] *Simas* is independently distinguishable because there the "for cause determination" was only one of many discretionary decisions the employer had to make for potentially up to two years after the employee lost his job. *Simas*, 6 F.3d at 852. In fact, the "for cause determination" itself was part of a larger question of whether the employee was eligible for unemployment compensation under state law. *Id.* at 853. Unlike in *Simas*, the VSP did not require State Street to make similarly complex and discretionary decisions. Moreover, despite his interpretation, *see* Opp. at 19, *Simas* does not stand for the proposition that simply because Brown may have been subject to termination for cause he therefore has an ERISA claim.

[3] Brown makes this argument now even though he specifically alleges in the Complaint that he was fired for attempting to "exercise his rights *under the VSP*." CPLT ¶ 20 (emphasis added); *see also, e.g.*, CPLT ¶ 21 ("State Street has refused to provide Mr. Brown with the benefits of the *VSP program*.") (emphasis added).

[4] Though Brown claims otherwise, *see* Opp. at 7, State Street does not concede that Brown was a "participant" or "beneficiary" in any equity, pension, retirement, medical, or other benefit plan,

5

As State Street's opening papers demonstrated, ERISA does not apply to claims arising from early termination programs that merely enhance pre-existing plans, even if these plans are covered under ERISA. Defs.' Br. at 6; *see also O'Connor*, 251 F.3d at 270. *O'Connor* is instructive on this point. There, the First Circuit held that ERISA did not apply to a pension credit that simply enabled employees to collect their ERISA pension benefits sooner. *O'Connor*, 251 F.3d at 270. The court found that "[the employer's] obligation to pay…a pension arose under a different retirement plan…[the pension credit] did not implicate ERISA." *Id.* Here, as in *O'Connor*, the VSP only described enhancements to an employee's benefits; it did not provide these benefits. Defs.' Br. at 6. As such, ERISA does not apply to his claim.

Even if the Court accepts Brown's argument that his claim relates to "several other ERISA plans" underlying the "modified-VSP," his ERISA claim still fails. As a threshold matter, ERISA would preempt all of his state law claims. *Pilot Pen Ins. Co. v. Dedeaux*, 481 U.S. 41, 44-45 (1987). ERISA, by its own terms, "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…." 29 U.S.C. § 1144(a). Consequently, and by his own concession, *see* Opp. at 4 n.2, if his argument were accepted his state law claims would be preempted and should be dismissed.

Brown's ERISA claim, however, should also be dismissed because oral modifications are completely unenforceable under ERISA. Brown does not dispute – and thus tacitly concedes – that he was not eligible for the VSP. He nonetheless argues that

---

which the VSP enhanced. Nor does State Street concede that the stock equity program to which he refers is an ERISA plan. In fact, his claim for these benefits fails for the same reason the other versions of his ERISA claim fail. As a threshold matter, Brown has not, and cannot, allege that – as a U.K. employee – he was a "participant" or "beneficiary" in any of the U.S. plans that could possibly underlie his so-called "modified-VSP."

he is entitled to "stock equity, pension, medical and other benefits…as *enhanced* by the modified VSP." Opp. at 7 (emphasis added). Yet, he alleges no writing governing his entitlement to these benefits. Nor has he incorporated any writing by reference. Nor has he attached any writing to his Complaint. He has not because clearly his entire claim for enhanced benefits is based solely on his alleged oral conversation with Spina. Such a discussion is not a proper amendment to an ERISA plan.

ERISA and its caselaw make clear that there is only one way to amend an ERISA plan: in writing. *See* 29 U.S.C. 1102(a)(1) (requiring "[e]very employee benefit plan…be established and maintained pursuant to a written instrument."); 29 U.S.C. 1102(b)(3) (requiring every plan to "provide a procedure" for amendment); *see, e.g., Bellino v. Schlumberger Tech., Inc.*, 944 F.2d 26, 33 (1st Cir. 1991) (holding that oral representations are unenforceable under ERISA); *Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002) ("oral promises are unenforceable under ERISA and therefore cannot vary the terms of an ERISA plan."). This strict rule is to prevent "plan administrators from harming the actuarial soundness of the plan by contracting to pay benefits to persons not so entitled under the plan's express terms." *Sandler v. Marconi Circuit Tech. Corp.*, 814 F. Supp. 263, 266 (E.D.N.Y. 1993).

Moreover, the letter that Spina wrote to the Corporation's Executive Compensation Committee informing it of his discussion with Brown, CPLT ¶ 17, does not constitute a valid modification of the benefit plans at issue. It does not because informal communications, though they may be in writing, are still unenforceable under ERISA. *See Bellino*, 944 F.2d 33 n.8 (holding that letters written by employer were not valid amendments). Instead, Brown must show some document made in the manner

7

prescribed by the benefit plans underlying his "modified-VSP" and that also sets forth his entitlement to enhanced benefits. This, he cannot do. Accordingly, for the foregoing reasons, if the Court accepts Brown's argument and finds that his ERISA claim relates to the plans underlying his "modified-VSP," the Complaint in its entirety should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, State Street respectfully requests that Count I of the Complaint be dismissed with prejudice. If the Court finds that Brown properly pleads an ERISA plan, State Street respectfully requests that the Complaint in its entirety be dismissed with prejudice and that the Court grant such other and further relief as it deems appropriate.

Dated:   New York, New York
         October 5, 2005

Respectfully submitted,

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

By:   /s/ Peter Calamari
      Peter E. Calamari (*Pro Hac Vice*)
      Rex Lee (*Pro Hac Vice*)

335 Madison Avenue, 17th Floor
New York, New York 10017
(212) 702-8100

HARE & CHAFFIN

By:   /s/ David B. Chaffin
      David B. Chaffin
      BBO No. 549245

160 Federal Street
Boston, MA  02110
(610) 330-5000

Attorneys for Defendants
  State Street Corporation
  and State Street Global Advisors