UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------ x
ALAN BROWN,                                              :     Case No. 05 Civ. 11178 (NG)
                                                         :
                      Plaintiff,                         :
                                                         :
          -against-                              :
                                                         :
STATE STREET CORPORATION                                 :
and STATE STREET GLOBAL                                  :
ADVISORS,                                                :
                                                         :
                   Defendants.                         :
------------------------------------------------------------ x

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF REX LEE

### ARGUMENT

**I.    BROWN BASES HIS ERISA CLAIM ON THE VSP**

In support of his motion to strike the Declaration of Rex Lee, plaintiff Alan Brown ("Brown") argues that the Court cannot consider the Voluntary Separation Program (the "VSP") guide attached to the declaration (the "Separation Guide") because his ERISA cause of action arises not from the VSP but rather from some "modified VSP package." Mot. at 3-4. While Brown does mention a "modified-VSP" plan a few times in his Complaint, he refers strictly to the VSP when it matters most – in arguing for ERISA coverage. *See* CPLT ¶ 21 ("State Street has refused to provide Mr. Brown with the benefits of the *VSP program*.) (emphasis added); *see also* CPLT ¶¶ 11, 15, 16, 17, 20.

That Brown uses the word "modified" in a couple of places does not change the fact that he seeks only VSP benefits. *See* CPLT ¶ 15 ("The value to Mr. Brown of *the VSP benefits* is several million dollars.") (emphasis added). Indeed, the only "modification" he alleges in the Complaint is that, despite his ineligibility for the

program, David Spina discussed holding the VSP open to him for five years.[1] CPLT ¶¶ 13, 16. Thus, to determine what Brown really wants – VSP benefits – and whether he is entitled to it under ERISA, one must consider the Separation Guide.

Accordingly, it is entirely appropriate for the Court to take into account the Separation Guide in ruling on State Street's motion to dismiss. *See Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002). This practice is not, as Brown suggests, a "narrow exception." Mot. at 3. Rather, "[w]hen the factual allegations of a complaint revolve around a document whose authenticity is unchallenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Young*, 305 F.3d at 11; *see also Beddall v. State St. Bank and Trust Co.*, 137 F.2d 12, 17 (1st Cir. 1998) ("[T]he court's inquiry into the viability of those allegations should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which *by her own admission* the allegations rest.") (emphasis in the original).

Moreover, Brown's cursory challenge to the authenticity of the Separation Guide is disingenuous at best. First, he provides no reason why anyone should doubt its authenticity. Second, he relies on VSP materials himself in framing his Complaint. Indeed, if Brown did not rely on such materials then his allegations, such as the value of "the VSP benefits is several million dollars," CPLT ¶ 15, are nothing more than pure speculation. In sum, for the foregoing reasons, the Separation Guide is central to Brown's Complaint, and his motion should be denied.

---

[1] In fact, Brown's admission that he seeks only this "modification" to the VSP is fatal to his ERISA claim. Nowhere in his Complaint does he plead that this "modification" – making him eligible for the VSP – *is without more* "an employee welfare benefit plan or an employee pension benefit plan" or a plan combining aspects of both. 29 U.S.C. § 1002(3); *see also* Def. Mot. at 7. Brown's failure to allege an ERISA "plan" alone warrants dismissal of his claim. *See* Def. Reply at 2-5.

## II.    RULE 56(e) DOES NOT APPLY TO THE DECLARATION

Determined to prevent the Court from considering the very document on which his ERISA claim is based, Brown argues that the Declaration of Rex Lee is inadmissible under Fed. R. Civ. P. 56(e) because it is not made on personal knowledge. Mot. at 2. Rule 56(e), however, applies only to affidavits in support of motions for summary judgment. The declaration, on the other hand, was made in support of a motion to dismiss. Indeed, Brown has cited no caselaw in support of the proposition that Rule 56(e) also applies to a motion to dismiss.

Even if Rule 56(e) somehow applies, the declaration is still proper because it was submitted not to introduce facts but simply to put before the Court a document, which Brown extensively relied on yet refused to reveal in the hope of needlessly dragging out this litigation. Submitting documents by means of attorney declarations is a common and appropriate practice. *See, e.g., United States v. Letscher*, 83 F. Supp. 2d 367, 381 (S.D.N.Y. 1999) (holding that it is proper and customary under Rule 56(e) for an attorney to submit an affidavit to put documents before the court). Moreover, despite Brown's desperate assertions, Mot. at 4, State Street is in no way "tentative" in its submission. Attorney Lee noted that there are multiple versions of the VSP guide to advise the Court that rather than bury it with numerous documents containing the same critical information, State Street was providing only one as a representation of and convenient reference to the program materials. Decl. ¶ 3. Apparently unfamiliar with the concept of being forthright, Brown mistakes candidness with tentativeness.

To make matters worse, Brown knowingly failed to abide by Local Rule 7.1(a)(2), which required him to consult with State Street's counsel prior to filing this

motion.  LR, D. Mass. 7.1(a)(2).  For all these reasons, Brown's motion to strike should be dismissed.

## CONCLUSION

For the foregoing reasons, State Street respectfully requests that plaintiff's Motion to Strike the Declaration of Rex Lee be denied.


Dated:   New York, New York
         October 5, 2005

                                        Respectfully submitted,

                                        QUINN EMANUEL URQUHART
                                          OLIVER & HEDGES, LLP

                                        By:   /s/ Peter Calamari
                                            Peter E. Calamari (*Pro Hac Vice*)
                                            Rex Lee (*Pro Hac Vice*)

                                        335 Madison Avenue, 17th Floor
                                        New York, New York 10017
                                        (212) 702-8100

                                        HARE & CHAFFIN

                                        By:   /s/ David B. Chaffin
                                            David B. Chaffin
                                            BBO No. 549245

                                        160 Federal Street
                                        Boston, MA  02110
                                        (610) 330-5000

                                        Attorneys for Defendants
                                          State Street Corporation
                                          and State Street Global Advisors

4