UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------- x
ALAN BROWN,                                              :    Case No. 05 Civ. 11178 (NG)
                                                         :
                Plaintiff,                               :
                                                         :    **ANSWER**
      -against-                                       :
                                                         :
STATE STREET CORPORATION                                 :
and STATE STREET GLOBAL                                  :
ADVISORS,                                                :
                                                         :
                Defendants.                              :
-------------------------------------------------------- x

        Defendants State Street Corporation and State Street Global Advisors (collectively "State Street"), by and through its undersigned counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP, and Hare & Chaffin, as and for an Answer to the allegations in the Complaint of plaintiff Alan Brown ("Brown"), filed June 6, 2005, respond:

        1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that the Complaint purports to allege an action for breach of an agreement and that Brown was the former Chief Investment Officer of the State Street Global Advisors division of State Street Bank and Trust Company (the "Bank"), a wholly-owned subsidiary of State Street Corporation.

### THE PARTIES

        2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that Brown was the former Chief Investment Officer of the State Street Global Advisors division of the Bank. Deny knowledge or information sufficient to form

1

a belief as to the truth of the allegations concerning Brown's citizenship, residence, experience, and notoriety.

3. Deny the allegations contained in paragraph 3 of the Complaint, except admit that State Street Corporation is a Massachusetts corporation that is based and has offices in Boston, Suffolk County, Massachusetts and state that State Street Global Advisors is an unincorporated division of the Bank.

## JURISDICTION

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that the Complaint purports to allege that jurisdiction is founded on federal question jurisdiction.

6. Admit the allegations contained in paragraph 6 of the Complaint.

## PLAINTIFF'S FACTUAL ALLEGATIONS

7. Deny the allegations contained in paragraph 7 of the Complaint and state that in 1995 Brown began working for State Street Global Advisors Limited, formerly known as State Street Global Advisors U.K. Limited.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Brown initially served as Managing Director of State Street Global Advisors Limited, formerly known as State Street Global Advisors U.K. Limited, and state that State Street Global Advisors Limited is the United Kingdom operations of the State Street Global Advisors division of the Bank.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that Brown had contact with the United States office and traveled to the

2

United States and other places from time to time and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Brown's residence.

10. Deny the allegations contained in paragraph 10 of the Complaint, except admit that Brown was appointed Executive Vice President of State Street Corporation in 2000.

11. Deny the allegations contained in paragraph 11 of the Complaint and respectfully refer to the written documents of the Voluntary Separation Program and the Executive Voluntary Separation Program (collectively "the VSP") for a complete and accurate statement of their contents.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Brown's age.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that David Spina ("Spina") wrote a letter dated June 30, 2004, to the Chairman of State Street Corporation's Executive Compensation Committee and respectfully refer to this letter for a complete and accurate statement of its contents.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that Spina was succeeded as Chairman and Chief Executive Officer by

Ronald Logue ("Logue") and that Luis de Ocejo was an Executive Vice President for Human Resources and Organizational Performance.

20. Deny the allegations contained in paragraph 20 of the Complaint, state that Brown wrote a letter dated March 11, 2005, to Logue, and respectfully refer to this letter for a complete and accurate statement of its contents.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that State Street has refused to provide Brown with the benefits of the VSP, state that he was not entitled to such benefits, and respectfully refer to the written documents of the VSP for a complete and accurate statement of their contents.

## AS AND FOR AN ANSWER TO COUNT I

State Street incorporates by reference its responses to paragraphs 1-21 herein as though fully set forth in full.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Admit that State Street has refused to provide Brown with the benefits of the plans that he alleges relate to the VSP and deny that State Street had any obligation to provide him with such benefits.

## AS AND FOR AN ANSWER TO COUNT II

State Street incorporates by reference its responses to paragraphs 1-25 herein as though fully set forth in full.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit that State Street has refused to provide Brown with the benefits of the VSP, state that he was not entitled to such benefits, and respectfully refer to the written documents of the VSP for a complete and accurate statement of their contents.

### AS AND FOR AN ANSWER TO COUNT III

State Street incorporates by reference its responses to paragraphs 1-30 herein as though fully set forth in full.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

### AS AND FOR AN ANSWER TO COUNT IV

State Street incorporates by reference its responses to paragraphs 1-32 herein as though fully set forth in full.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense (Failure to State a Claim)

36. The Complaint fails to state a valid claim upon which relief can be granted.

5

### Second Affirmative Defense
### (Standing)

37.     Brown lacks standing to bring his first claim for relief.

### Third Affirmative Defense
### (29 U.S.C. §§ 1102(a)-(b))

38.     To the extent Brown asserts a claim for benefits under Sections 502(a)(1)(B) and 510 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(a)(1)(B), 1140, his first claim for relief is barred by the provisions of Sections 402(a) and 402(b) of ERISA, which require in part that "[e]very employee benefit plan…be established and maintained pursuant to a written instrument," 29 U.S.C. §§ 1102(a)-(b).

### Fourth Affirmative Defense
### (The Express Terms of the VSP)

39.     To the extent Brown asserts a claim under the VSP, his claims for relief are barred by the express language of the VSP documents.

### Fifth Affirmative Defense
### (Federal Preemption)

40.     To the extent Brown asserts a claim for benefits under Sections 502(a)(1)(B) and 510 of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1140, his common-law claims for relief are completely preempted by ERISA, 29 U.S.C. § 1144(a), and therefore should be dismissed with prejudice.

### Sixth Affirmative Defense
### (Failure of Consideration)

41.     Brown's second, third, and fourth claims for relief are barred on grounds of failure of consideration.

### Seventh Affirmative Defense
### (Failure of Performance)

42. Brown's second, third, and fourth claims for relief are barred because Brown failed to perform under the oral agreement upon which the Complaint is based.

### Eighth Affirmative Defense
### (MASS. GEN. LAWS CH. 259, § 1)

43. Brown's second, third, and fourth claims for relief are barred by the Statute of Frauds, MASS. GEN. LAWS CH. 259, § 1.

### Ninth Affirmative Defense
### (Parol-Evidence Rule)

44. Brown had an employment agreement with State Street Global Advisors U.K. Limited. Paragraph 32.3 of that agreement states "This agreement sets out the entire agreement and understanding of the parties." To the extent Brown's claims assert obligations not found in that agreement, they are barred by the parol-evidence rule.

### Tenth Affirmative Defense
### (Reserved Defenses; Further Investigation)

45. State Street has not knowingly or intentionally waived any applicable defenses. State Street presently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses, and reserves the right to assert such additional defenses.

### PRAYER FOR RELIEF

WHEREFORE, State Street respectfully requests for judgment as follows:

A. Dismissing the Complaint with prejudice;

7

  B.  Awarding State Street its costs, disbursements, and any allowable attorney's fees incurred in this action; and

  C.  Awarding such other relief as the Court deems just and proper.

Dated: New York, New York
    November 16, 2005

            Respectfully submitted,

            QUINN EMANUEL URQUHART
             OLIVER & HEDGES, LLP

            By: /s/ Peter Calamari
              Peter E. Calamari (*Pro Hac Vice*)
              Rex Lee (*Pro Hac Vice*)

            335 Madison Avenue, 17th Floor
            New York, New York 10017
            (212) 702-8100

            HARE & CHAFFIN

            By: /s/ David B. Chaffin
              David B. Chaffin
              BBO No. 549245

            160 Federal Street
            Boston, MA 02110
            (610) 330-5000

            Attorneys for Defendants
             State Street Corporation
             and State Street Global Advisors