UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------- x
ALAN BROWN,                                            :   Case No. 05 Civ. 11178 (NG)
                                                       :
                    Plaintiff,                         :
                                                       :
         -against-                                     :
                                                       :
STATE STREET CORPORATION                               :
and STATE STREET GLOBAL                                :
ADVISORS,                                              :
                                                       :
                    Defendants.                        :
------------------------------------------------------- x

### ASSENTED-TO MOTION FOR LEAVE
### TO FILE SEVEN-PAGE REPLY MEMORANDUM

Defendants State Street Corporation and State Street Global Advisors respectfully move the Court, pursuant to Local Rule 7.1(b)(3) and with plaintiff's assent, for leave to file a seven-page reply memorandum in further support of their motion to issue a Letter of Request for international judicial assistance in the United Kingdom under the Hague Convention of March 18, 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Motion") (D.E. 23). The grounds for this motion are:

1. Defendants filed the Motion on February 22, 2006.

2. On Saturday, February 25, 2006, plaintiff filed an opposition to this Motion.

3. Plaintiff's opposition contains arguments that warrant a response.

4. Defendants therefore have prepared, and respectfully request leave to file, an seven-page reply memorandum, which is attached here as Exhibit A.

5. The reply memorandum will assist the Court in its consideration of defendants' Motion.

6. Plaintiff has assented to this motion for leave.

WHEREFORE, defendants respectfully request leave to file the accompanying reply memorandum.

Dated: New York, New York
March 3, 2006

        Respectfully submitted,

        HARE & CHAFFIN

        By:  /s/ David B. Chaffin
            David B. Chaffin

        160 Federal Street, 23rd Floor
        Boston, Massachusetts 02110
        (617) 330-5000

        *Attorneys for Defendants*
         *State Street Corporation*
         *and State Street Global Advisors*

OF COUNSEL:

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

Peter Calamari (admitted *pro hac vice*)
Rex Lee (admitted *pro hac vice*)

335 Madison Avenue, 17th Floor
New York, New York 10017
(212) 702-8100

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on March 3, 2006, I caused to be electronically filed DEFENDANTS STATE STREET CORPORATION'S AND STATE STREET GLOBAL ADVISOR'S ASSENTED-TO MOTION FOR LEAVE TO FILE A SEVEN-PAGE REPLY MEMORANDUM, including all exhibits thereto, with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Harvey A. Schwartz, Esq.
> Rogers, Powers & Schwartz
> 18 Tremont Street
> Boston, MA 02108
> (617) 742-7010
>
> Attorneys for Plaintiff Alan Brown

Dated:    New York, New York
         March 3, 2006

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By:    /s/ Rex Lee
       Rex Lee

335 Madison Avenue, 17th Floor
New York, New York 10017
(212) 702-8100

Attorneys for State Street Corporation
and State Street Global Advisors
*Defendants*

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------ x
ALAN BROWN,                                          :   Case No. 05 Civ. 11178 (NG)
                                                     :
                         Plaintiff,                  :
                                                     :
              -against-                              :
                                                     :
STATE STREET CORPORATION                             :
and STATE STREET GLOBAL                              :
ADVISORS,                                            :
                                                     :
                         Defendants.                 :
------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO ISSUE A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO COMPEL THE PRODUCTION OF DOCUMENTS FROM
<u>SCHRODER INVESTMENT MANAGEMENT LIMITED</u>**

Defendants State Street Corporation (the "Corporation") and State Street Global Advisors ("SSgA") (collectively "State Street") respectfully submit this reply memorandum of law in further support of their motion to issue a Letter of Request for international judicial assistance in the United Kingdom under the Hague Convention of March 18, 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Motion").

**<u>Preliminary Statement</u>**

By its Motion, State Street seeks the production of documents from Schroder Investment Management Limited ("Schroders"), the current employer of plaintiff Alan Brown ("Brown"). In his opposition to State Street's Motion, Brown improperly assumes two things. First, he assumes that he has standing to oppose a letter of request under the Hague Convention that is directed at a third-party. He does not. Second, he assumes that the only issue in this case is whether he had an agreement with State Street's former CEO, David Spina, for VSP benefits. He is wrong. Accordingly, his arguments have no support and should be rejected.

## Argument

### I. BROWN DOES NOT HAVE STANDING TO OPPOSE THIS MOTION

Brown opposes State Street's Motion, yet he provides no explanation for how he has standing to do so. Caselaw makes clear that, absent a claim of privilege, the only person who has standing to oppose a letter of request under the Hague Convention is the person to whom it is directed. *See PKFinans International Corp. v. IBJ Schroder Leasing Corp.*, No. 93 Civ. 5373 (SAS) (HBP), No. 93 Civ. 1816 (SAS) (HBP), 1996 WL 591213, at *3 (S.D.N.Y. Oct. 15, 1996) (concluding that plaintiff did not have standing to oppose a letter of request under the Hague Convention directed to a non-party). Brown has made no showing that he has a claim of privilege over the discovery State Street seeks. Accordingly, he does not have standing to oppose this Motion and his opposition should be rejected for this reason alone.

### II. SCHRODERS HAS INFORMATION RELEVANT TO THIS CASE

Brown argues that three groups of State Street's requests to Schroders concern topics that are irrelevant to this case. These requests concern: (i) Brown's decision to join Schroders; (ii) any indemnification or reimbursement agreement he has with it; and (iii) any contact he had with SSgA's clients and employees prior to and immediately after he left SSgA. His argument, however, improperly assumes that there is only one issue in this case – whether he had an agreement for VSP benefits with State Street's former CEO, David Spina. *See* Opp. at 7 ("Brown and State Street either entered into an agreement to provide the VSP benefits or they did not. *That is all this case is about*.") (emphasis added). This is fatal to his argument.

    A.    Brown's Decision To Join Schroders Is Relevant To Determining Whether He Quit His Job At SSgA

Brown argues that the circumstances surrounding his recruitment and decision to join Schroders is irrelevant to this case. *See* Opp. at 6. A simple review of his complaint

demonstrates otherwise. Two of his four claims against State Street – his ERISA claim and his claim for breach of the covenant of good faith and fair dealing – depend on whether State Street fired him. *See, e.g.,* CPLT ¶ 34 ("State Street *discharged* Mr. Brown in an attempt to avoid paying him the VSP benefits Mr. Spina promised would be paid.") (emphasis added). If he voluntarily quit then he has no basis in his complaint to bring these two claims. Information Schroders has concerning (i) how Brown and Schroders first came into contact, (ii) when Brown decided to join Schroders and (iii) why he did so will help resolve this factual dispute.

Indeed, Brown provides no explanation why it would not. Rather, he argues that his March 11, 2005 letter to State Street is the only piece of evidence a trier of fact needs to answer the question of whether State Street fired him. *See* Opp. at 6 ("The letter will speak for itself."). This argument, however, is contradicted by his concession later that this letter is subject to conflicting interpretations. *See* Opp. at 6 ("whether the words of the letter constituted a resignation, as State Street says they do, or whether they constituted the exercise of a claim for benefits, as Brown suggests."). Brown's own arguments demonstrate that to properly interpret his March 11, 2005 letter and prepare an adequate defense to his claims, State Street is entitled to know when, how and why he decided to join Schroders.

B.     Any Agreement Brown Has With Schroders Is Relevant To Calculating Damages

Brown argues that any indemnification or reimbursement agreement he has with Schroders is irrelevant to whether he had an agreement with David Spina. *See* Opp. at 5. He also argues that his employment agreement with Schroders should be off-limits because he is not seeking compensation based on lost income or damage to his reputation. *See* Opp. at 6. His

3

arguments miss the point.[1]  Any agreement Brown has with Schroders concerning reimbursement for or indemnification of damages he fails to collect against State Street – including any such provision in his employment agreement – is highly relevant to determining the total amount of damages, if any, for which State Street is liable.  If Brown has already received such a payment in connection with this case then State Street would be entitled to an offset on his damages.  Otherwise, he would be receiving a double recovery.  Moreover, any agreement for repayment that he has with Schroders may create a question as to who the real party in interest is in this case.  Thus, his relevance argument fails and should be rejected.

C. <u>Brown's Contact With SSgA's Clients and Employees Is Relevant To Determine Whether He Voluntarily Left SSgA</u>

Brown argues that the only reason State Street seeks discovery against Schroders concerning his contact with SSgA's clients and employees prior to and immediately after he left SSgA is so that it can pry into Schroders's operations and investigate potential counterclaims against him.  *See* Opp. at 7-8.  Tellingly, he provides no support for these accusations.[2]

As discussed previously, whether Brown voluntarily left State Street is a central question in this case.  Brown's contact with SSgA's clients and employees prior to and immediately after he left SSgA is relevant to answering that question.  If, for example, Brown was recruiting SSgA's clients and employees before he left SSgA, his actions would indicate that

---

[1] Moreover, Brown's reliance on *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir. 2003) is misplaced.  There, the court concluded that the subpoena at issue encompassed "a decade's worth of materials" and was thus unduly burdensome.  Here, there is no undue burden.  *See infra* at Part IV.  Indeed, Brown cites no authority for his proposition that, before litigants can move for letters of request under the Hague Convention, they must have convincing proof that a nonparty has relevant documents.

[2] Moreover, he improperly suggests to the Court that he has already provided these documents to State Street.  *See* Opp. at 7 ("Further, State Street has already requested the identical documents directly from Brown.").  To be clear, State Street has asked for – but has not received – these documents from Brown.

he was preparing to leave voluntarily. His correspondence with SSgA's clients and employees immediately after he left would provide further context on his departure.

Moreover, any attempt Brown made to solicit SSgA's clients or employees before his departure could justify a termination for cause which – even under his theory – would vitiate any rights to VSP benefits he alleges he has. His conduct after his departure is equally pertinent. Even though nine months have passed since he filed his complaint, Brown still has not clearly set forth the terms of his purported agreement with Spina. To the extent Spina included restrictive covenants in his discussions with Brown over VSP benefits, State Street is entitled to know whether Brown has complied with them.

Rather than acknowledge that his complaint presents numerous issues other than just contract formation, Brown resorts to accusing State Street of "bootstrapping" a counterclaim against him. *See* Opp. at 8. Even if there was a basis for this accusation – and there is none – Brown provides no reason for why that justifies denial of State Street's Motion in its entirety. Accordingly, even if the Court agrees with Brown's interpretation of State Street's requests to Schroders concerning his contact with SSgA's clients and employees, Requests Nos. 16-19, State Street's Motion – excluding these requests – should still be granted.

## III. THE DOCUMENTS REQUESTED CANNOT BE OBTAINED FROM OTHER READILY AVAILABLE SOURCES

State Street also requests documents from Schroders concerning (i) the VSP, (ii) Brown's resignation from SSgA and (iii) any agreements between Brown and State Street, including those for VSP benefits. Brown argues, without basis, that State Street already has these documents. *See* Opp. at 4. He is wrong. While State Street possesses documents related to these issues, it does not have those documents Schroders created, including, for example, internal communications demonstrating Schroders's understanding for why Brown left SSgA.

5

Moreover, as discussed previously, Brown has yet to explain what the terms of his agreement with Spina were or how the VSP – designed to enhance U.S. benefits – would have applied to him – a recipient of U.K. benefits. To prepare a proper defense, State Street requires access to any document Schroders has containing information it may have created or that Brown may have revealed that would clarify the terms of the agreement he alleges he made with Spina.

### IV.  SCHRODERS WILL NOT BE UNDULY BURDENED

Finally, State Street's Motion will not unduly burden Schroders. Brown does not – because he cannot – dispute this. Indeed, State Street is not seeking to depose any Schroders representative. Nor is it seeking information concerning any of Schroders's other employees. Nor is it seeking information that is confidential or proprietary. State Street is only seeking information on discrete issues concerning Brown's departure from SSgA. Accordingly, for these reasons, State Street's Motion should be granted in its entirety.

## Conclusion

For the foregoing reasons, State Street respectfully requests that its Motion for a Letter of Request for international judicial assistance be granted in its entirety.

Dated:   New York, New York
         March 3, 2006

                                        Respectfully submitted,

                                        HARE & CHAFFIN

                                        By:   /s/ David B. Chaffin
                                              David B. Chaffin

                                        160 Federal Street, 23rd Floor
                                        Boston, Massachusetts 02110
                                        (617) 330-5000

                                        *Attorneys for Defendants*
                                          *State Street Corporation*
                                          *and State Street Global Advisors*

OF COUNSEL:

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

Peter Calamari (admitted *pro hac vice*)
Rex Lee (admitted *pro hac vice*)

335 Madison Avenue, 17th Floor
New York, New York 10017
(212) 702-8100

7