```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ALAN BROWN,               )<br>       Plaintiff,       )<br>                          )<br>  v.                      )     C.A. No. 05-11178-NG<br>                          )<br>STATE STREET CORPORATION and  )<br>STATE STREET GLOBAL ADVISORS, )<br>       Defendants.        )| |

GERTNER, D.J.:

                    **MEMORANDUM & ORDER**
                       **March 20, 2006**

## I.   INTRODUCTION

Before me is the defendants' Motion to Issue a Letter of Request for International Judicial Assistance (United Kingdom) to Compel the Production of Documents from Schroder Investment Management Limited [docket entry # 23].  For the reasons explained below, I **GRANT** the defendants' motion for a letter of request, but **ORDER** the defendants to redraft their Requests for Production.

## II.   FACTUAL BACKGROUND

This case arises under the Employment Retirement Income Security Act ("ERISA").  The plaintiff, Alan Brown, is the former Group Chief Investment Officer and Vice Chairman of State Street Global Advisors and Executive Vice President of State Street Corporation.  His employment by the defendants ended on March 11, 2005.  He now claims that the defendants owe him significant

1

money and benefits as part of their Voluntary Separation Plan, allegedly guaranteed to Brown by ERISA.

Brown is presently employed in the United Kingdom by Schroder Investment Management Limited, a competitor of the defendants. The defendants, seeking information they assert is relevant to Brown's claims and their defenses, have moved this Court to issue a letter of request for judicial assistance in the United Kingdom. Such a letter, if approved by the recipient court in the United Kingdom, would enable the defendants to seek discovery directly from Schroder.

### III. LEGAL ANALYSIS

In assessing a motion for a letter of request, a court must answer three questions. First, what procedural framework applies? Second, what factors guide a court's decision whether to issue a letter of request, and how do those factors bear upon the case at bar? Third, who has standing to object to the issuance of such a letter?

#### A. Procedural Framework

A party to a lawsuit filed in the United States may seek discovery from an unconsenting witness located in another country in two ways. First, if the witness from whom information is sought is subject to personal jurisdiction and has been served in the United States, the Federal Rules of Civil Procedure apply and discovery may proceed according to those Rules. Second, a United

States court may apply the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555. The Hague Convention provides an alternative, optional method for conducting discovery in each of its signatory countries through the use of a letter of request from a United States court to a foreign tribunal. See generally Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa, 482 U.S. 522 (1987).

In the case at bar, the defendants characterize their motion for a letter of request as brought "pursuant to Fed. R. Civ. P. 45," the Rule that governs subpoenas. Though this reference to Rule 45 would seem to place the defendants' request in the first category described above, there is no evidence that Schroder is subject to personal jurisdiction in the United States or has been served with a subpoena here. Moreover, though the defendants refer to Rule 45, their motion for a letter of request otherwise follows the form requirements of the Hague Convention. I therefore interpret the defendants' motion for a letter of request as a motion pursuant to the Hague Convention.

**B.   The Decision to Issue a Letter of Request**

In his Opposition to the defendants' motion, the plaintiff relies on a list of five factors he asserts are "to be considered before allowing such discovery [pursuant to a letter of request]." (Pl's Opp. at 3). These factors, however, do not

3

determine whether a court should issue a letter of request; they determine how a court should decide between allowing discovery pursuant to the Federal Rules of Civil Procedure or to the Hague Convention. Societe Nationale Industrielle Aerospatiale, 482 U.S. at 544 n.28. Because this Court has concluded that the Hague Convention supplies the procedural framework applicable to the present case, the factors upon which the plaintiff relies are not relevant to this Court's analysis.[1]

In fact, the decision whether to issue a letter of request is entirely within the discretion of the district court, as it derives from the court's "inherent" authority. See DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc., 131 F.R.D. 367, 369 (D. Mass. 1990) (citing 28 U.S.C. § 1781(b)(2), which provides for transmittal of letters of request from United States court to foreign tribunals).

Courts examine a variety of factors in determining whether to issue a letter of request. Their approach is permissive, and is dependent on the circumstances of each case. Indeed, courts generally grant motions for letters of request unless there is a "good reason" not to. Zassenhaus v. Evening Star Newspaper Co.,

---

[1] Even if there were a choice between the Federal Rules of Civil Procedure and the Hague Convention in this case, many courts have held that discovery from non-party foreign witnesses should be conducted pursuant to the Hague Convention. See, e.g., Abbott Labs v. Teva Pharms. USA, Inc., No. 02-1512, 2004 U.S. Dist. LEXIS 13480 (D. Del. July 15, 2004) (emphasizing that the witnesses were non-parties, were citizens of France, and did not voluntarily subject themselves to a United States court's jurisdiction).

131 U.S. App. D.C. 384 (D.C. Cir. 1968) (reversing the district court's denial of a letter of request when the evidence sought was central to the case); B & L Drilling Electronics v. Totco, 87 F.R.D. 543, 545 (D. Okla. 1978) ("Ordinarily on a motion for the issuance of a letter rogatory, the Court will not weigh the evidence that is to be adduced by deposition and will not attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought."); Elliott Assocs., L.P. v. Republic of Peru, No. 96-7917, No. 96-7916, 1997 U.S. Dist. LEXIS 11185, at *4-*7 (S.D.N.Y. Aug. 1, 1997) (granting a motion for a letter of request where the "liberal discovery provisions of the Federal Rules" would otherwise permit discovery).

The courts that have denied motions for letters of request or limited their scope have pointed to the expense and burden to the non-party witness, the timing of the motion for a letter of request, and the tenuous relationship between the information requested and the facts of the case.

In DBMS, for example, Judge Nelson of the District of Massachusetts considered a motion for a letter of request that would allow a United States party to depose a non-party witness in Australia. The DBMS court ultimately denied permission for an oral deposition due to the expense to and burden on the non-party witness, but issued a letter of request for a deposition upon written questions instead.

Likewise, in <u>Szollosy v. Hyatt Corp.</u>, No. 99-870, 2005 U.S. Dist. LEXIS 28338 (D. Conn. Nov. 15, 2005), the court declined to issue a letter of request to the Cayman Islands that sought a video deposition of a non-party witness. The court held that, because the motion came on the eve of trial and the party requesting the letter did not provide any information on Cayman Islands judicial procedure, the issuance of a letter was not appropriate. <u>See</u> <u>also</u> <u>Benton Graphics v. Uddeholm Corp.</u>, 118 F.R.D. 386, 388 (D.N.J. 1987) ("Whether a particular document request is too burdensome is left to the sound discretion of the trial court in light of the facts of the case, and the respective interests of the parties and foreign governments involved.").

In addition to these general considerations of expense, burden, and timing, a court must also determine whether a letter of request complies with the Hague Convention's specific requirements. A letter of request transmitted pursuant to the Hague Convention must be addressed to the receiving state's Central Authority and must specify, inter alia, "(d) the evidence to be obtained or other judicial act to be performed" and "(g) the documents or other property, real or personal, to be inspected."

Letters of request directed to the United Kingdom, as in the case at bar, may have to meet a higher standard. The Hague Convention allows signatory states to restrict pretrial discovery

of documents by foreign parties. The United Kingdom has done so, and permits "pretrial discovery only if each document sought is separately described." First American Corp. v. Price Waterhouse LLP, 154 F.3d 16, 23 (2d Cir. 1998). According to one commentator, English courts routinely refuse to execute letters of request that are "fishing" for general pretrial discovery rather than seeking specific documents to be used at trial. Obtaining Evidence in England for use in Proceedings in the United States of America, LobleSolicitor, available at www.loble.co.uk/obtaining_evidence.htm; but see Gomez v. Banco Bilbao Vizcaya, No. 92-7863, 1993 U.S. Dist. LEXIS 7566, at *16 (D.N.Y. June 7, 1993) ("The emerging view of this exception to discovery is that it applies only to 'requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court.'").

In the case at bar, there is no "good reason" to deny the defendants' motion for a letter of request wholesale. I will, however, exercise my discretion, as did the DBMS court, to minimize the expense to and burden on Schroder, a non-party to this lawsuit and a competitor of the defendants. To that end, I conclude that Requests No. 2, 4, 5, 11, 13, and 15 - 19 are irrelevant to the present lawsuit, and therefore may not be included in the defendants' letter of request. The defendants must redraft their remaining Requests for Production as follows.

For Requests No. 1, 3, 9, and 14, the defendants must limit their requests to documents drafted and communications made on or around March 11, 2005, the date of Brown's departure from the defendants' employ.  For Request No. 6, the defendants must replace "May 31, 2005" with "March 11, 2005."  For Requests No. 7 and 8, the defendants must limit the request to the time period prior to March 11, 2005.  Requests No. 10 and 12 are proper as written.

In redrafting, I urge the defendants to be mindful of the restrictions placed on pretrial discovery in the United Kingdom, and to tailor their Requests for Production accordingly.

### C. Standing to Object

A final matter raised by the defendants in support of their motion for a letter of request is that of standing.  The defendants have challenged the plaintiff's ability to object to their motion, contending that Brown has no standing to argue against a discovery request to a third party.  The defendants cite PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp., No. 93-5375, 96-1816, 1996 U.S. Dist. LEXIS 15183, at *3 (S.D.N.Y. Oct. 15, 1996) for this proposition.  "However, in the absence of a claim of privilege, we fail to see how PKFinans has standing to object to discovery sought from a non-party."  Judge Keenan of the Southern District of New York has recently come to the same conclusion in another case, Sahu v. Union Carbide Corp., No. 04-

8825, 2006 U.S. Dist. LEXIS 944 (S.D.N.Y. Jan. 10, 2006) ("Plaintiffs request international assistance in the form of a Letter Rogatory to obtain documents from a third party. Defendants make several objections to the request. Absent special circumstances, however, a party may not seek a protective order where discovery is sought from a third party. . . The Court is not aware of any special circumstances in this case. Therefore, Defendants lack standing to object to the discovery. The Court will sign the Letter Rogatory."); but see DBMS, 131 F.R.D. 367 (allowing only a deposition upon written questions out of concern for the burden on and expense to the witness; considering the defendants' objections regarding burden and expense though the defendant presumably lacked standing to object).

There is also a clearly established line of cases, however, that seems to come to the opposite conclusion when the situation is reversed.  These cases hold that, when a United States court executes a foreign tribunal's letter of request to compel discovery in this country, the party against whom the requested information will be used has standing to object.  See, e.g., Kuwait Inv. Auth. v. Sarrio S.A., 119 F.3d 143, 148 (2d Cir. 1997) ("[P]arties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties."); In re Request for Judicial Assistance from Seoul Dist. Criminal Court, 555 F.2d 720, 723

(9th Cir. 1977) ("The party against whom requested bank records are to be used has standing to challenge the validity of the order to the bank to produce the records.").

Setting aside this curious conflict in caselaw, this Court concludes that resolving the question of Brown's standing to object is not necessary for a resolution of the question of whether to issue a letter of request.  Even if Brown had no standing to object, or, indeed, if he had standing but did not object, the decision whether to grant the defendants' motion would remain in this Court's discretion.  I would still be obligated to examine the propriety of the defendants' letter of request, inquire into the burden on and expense to Schroder, and determine whether the proposed letter meets the requirements of the Hague Convention.  I have conducted that analysis above, and conclude that there is no "good reason" to deny the defendants' letter of request, modified as I have described herein.

**IV.  CONCLUSION**

Defendants' Motion for a Letter of Request [docket entry #23] is **GRANTED**.  The defendants are **ORDERED**, however, to redraft their Requests for Production as described above and resubmit their proposed Letter of Request and Requests for Production to this Court within seven days of the date of this Memorandum & Order.

**SO ORDERED.**

**Dated: March 20, 2006**                    **s/ NANCY GERTNER U.S.D.J.**