UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------- x
ALAN BROWN,                                                :   Case No. 05 Civ. 11178 (NG)
                                                           :
            Plaintiff,                                  :
                                                           :
    -against-                                            :
                                                           :
STATE STREET CORPORATION                                   :
and STATE STREET GLOBAL                                    :
ADVISORS,                                                  :
                                                           :
            Defendants.                                 :
---------------------------------------------------------- x


**DEFENDANTS STATE STREET CORPORATION'S AND STATE STREET GLOBAL ADVISOR'S NOTICE OF RE-FILING OF LETTER OF REQUEST AND FILING OF REVISED REQUESTS FOR PRODUCTION OF DOCUMENTS FROM SCHRODER <u>INVESTMENT MANAGEMENT LIMITED</u>**


TO THE COURT AND COUNSEL OF RECORD:

      PLEASE TAKE NOTICE that, pursuant to the Court's Memorandum & Order dated March 20, 2006, attached hereto as Exhibit A is the Letter of Request and the revised Requests for Production.

Dated:  March 27, 2006                    STATE STREET CORPORATION
                                          and STATE STREET GLOBAL ADVISORS,

                                          By their Attorneys,

                                          s/David B. Chaffin
                                          David B. Chaffin
                                          BBO # 549245
                                          HARE & CHAFFIN
                                          160 Federal Street
                                          Boston, MA 02110
                                          (617) 330-5000

Of Counsel:

Peter E. Calamari
Rex Lee
QUINN EMANUEL URQUHART
  OLIVER & HEDGES LLP
335 Madison Avenue, 17th Floor
New York, NY 10017
Tel: (212) 702 8100

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2006.

s/David B. Chaffin

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ x
ALAN BROWN,                              :   Case No. 05 Civ. 11178 (NG)
                                         :
            Plaintiff,                   :
                                         :
     -against-                           :
                                         :
STATE STREET CORPORATION                 :
and STATE STREET GLOBAL                  :
ADVISORS,                                :
                                         :
            Defendants.                  :
------------------------------------------------------------ x

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS
(SCHRODER INVESTMENT MANAGEMENT LIMITED)**

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority of the United Kingdom and requests international judicial assistance to obtain documentary evidence to be used in a civil proceeding before this Court in the above captioned matter. This Court has determined that it would further the interests of justice if the entity named below provide those documents, identified on Schedule A (attached hereto), that are relevant to the issues of this case.

**IDENTITY AND ADDRESS OF THE APPLICANT:**

> Honorable Nancy Gertner
> United States District Judge
> The United States District Court
> for the District of Massachusetts
> 1 Courthouse Way - Suite 4130
> Boston, Massachusetts 02210
> UNITED STATES OF AMERICA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

    Foreign and Commonwealth Office
    Clive House Petty France
    London SW1
    UNITED KINGDOM

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

    Schroder Investment Management Limited
    31 Gresham Street
    London EC2V 7QA
    UNITED KINGDOM

**PARTIES AND THEIR REPRESENTATIVES:**

| Party | Representative |
| --- | --- |
| Alan Brown<br>*Plaintiff* | Harvey A. Schwartz<br>RODGERS, POWERS & SCHWARTZ<br>18 Tremont Street<br>Boston, Massachusetts 02108<br>United States of America |
| State Street Corporation<br>and State Street Global Advisors<br>*Defendants*<br><br>State Street Financial Center<br>One Lincoln Street<br>Boston, Massachusetts 02111<br>United States of America | David B. Chaffin<br>HARE & CHAFFIN<br>160 Federal Street, 23rd Floor<br>Boston, Massachusetts 02110<br>United States of America<br><br>Peter Calamari<br>Rex Lee<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>335 Madison Avenue, 17th Floor<br>New York, New York 10017<br>United States of America |

**THE NATURE OF THE PROCEEDINGS:**

    Plaintiff Alan Brown is the former Chief Investment Officer for State Street

Global Advisors ("SSgA") and a former Executive Vice President for State Street Corporation

2

(the "Corporation"). In March 2005, he left State Street. On June 7, 2005, he filed this lawsuit against State Street, alleging that (i) the Corporation's former Chief Executive Officer, David Spina, promised him enhanced pension and severance benefits, (ii) he stayed with State Street -- when he could have left -- in reliance on this promise and (iii) State Street wrongfully terminated his employment so that it would not have to fulfill this promise. State Street contends that (i) Mr. Brown is not entitled to these benefits and (ii) he quit voluntarily in order to pursue other business opportunities.

**SUBJECT MATTER AND RELEVANCE OF THIS REQUEST:**

Less than two months after Mr. Brown left State Street, he joined Schroder Investment Management Limited ("Schroders") as its Head of Investment. Consequently, Schroders may have discoverable information that is relevant to this case. For example, State Street believes Schroders may have agreed to reimburse Mr. Brown for any damages he fails to obtain from State Street. To the extent that it has, Schroders -- and not Mr. Brown -- would be the real party in interest to this case. Moreover, several of Mr. Brown's claims depend on his allegation that State Street fired him. State Street contends that Mr. Brown quit. As such, when and how Schroders first contacted Mr. Brown is relevant to resolving this factual dispute.

**EVIDENCE TO BE OBTAINED:**

In view of the foregoing and in the interests of justice, this Court requests that you issue an order, in accordance with the laws and procedures of the courts of the United Kingdom for the acquisition of evidence for trial, and summon Schroders to produce those documents identified in Schedule A, which is attached to this request. Moreover, this request does not require Schroders to (a) state what documents in its possession, custody or power are relevant to

this litigation or (b) produce any documents other than the particular documents specified in Schedule A.

**SCHEDULING AND OTHER SPECIFIC REQUESTS:**

1. This Court respectfully requests that an United Kingdom authority compel Schroders to produce the documents identified in Schedule A no later than thirty (30) days after the authority executes this Letter of Request. This Court also requests that the United Kingdom authority instruct Schroders to produce the documents to the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, located at 335 Madison Avenue, 17th Floor, New York, New York 10017.

2. For the benefit of the parties, this Court respectfully requests that you notify (i) this Court, (ii) counsel for State Street and (iii) counsel for Mr. Brown of the date and time this Letter of Request is executed and Schedule A is served on Schroders.

3. For the benefit of the parties, this Court also requests that the production of documents be taken in accordance with the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of the United Kingdom.

When required, this Court shall provide similar assistance as requested herein, to the appropriate judicial authorities of the United Kingdom.

Defendants State Street Corporation and State Street Global Advisors stand ready and willing to reimburse the appropriate judicial authorities of the United Kingdom for all costs incurred in executing this Court's request for international judicial assistance.

WITNESS, the Honorable Nancy Gertner, Judge of the United States District Court for the District of Massachusetts, this ____ day of _____, 2006.

                                            _____
                                            Honorable Nancy Gertner
                                            United States District Judge
                                            The United States District Court
                                            for the District of Massachusetts
                                            1 Courthouse Way - Suite 4130
                                            Boston, Massachusetts 02210
                                            United States of America

[seal of court]

## SCHEDULE A

### DEFINITIONS

As used in these requests for documents, the following terms shall have the meanings indicated below:

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside the scope.

2. "Any" shall include "all" and "all" shall include "any."

3. "Brown" shall mean plaintiff Alan Brown, together with his current and former agents, representatives and other natural persons or entities acting on his behalf.

4. "Brown's employment agreement" shall mean the employment agreement between Brown and State Street Global Advisors U.K. Limited, dated December 7, 1994 and effective January 16, 1995.

5. "Brown's March 11, 2005 resignation letter" shall mean the letter dated March 11, 2005 that Brown sent to Ronald E. Logue and copied to Luis de Ocejo, including any drafts of this letter.

6. "Communication" shall mean any disclosure, transfer or exchange of information, in the form of facts, ideas, inquiries or otherwise, between two or more persons, whether orally or in writing, including any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, facsimile, electronic mail, instant messaging or any other electronic or other medium, whether written, audio or video.

7.      "Concerning" shall mean relating to, referring to, describing, evidencing, memorializing, supporting, substantiating or constituting.

8.      "Document" has the same meaning as the term is defined in Fed. R. Civ. P. 34(a) and as the term "writing" is defined in Fed. R. Evid. 1001, and shall include within its meaning any and all papers, videotapes or video recordings, photographs, films, x-rays, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail.

9.      "Including" shall mean including but not by way of limitation.

10.     "Person" or "individual" shall mean any natural person or any business, legal or governmental entity or association.

11.     "Schroders," "you," or "your" shall mean Schroder Investment Management Limited, together with its current and former partners, directors, officers,

employees, agents, representatives, affiliates, subsidiaries, business units, predecessors, successors, parent companies and other natural persons or entities acting on its behalf.

12. "Spina" shall mean David A. Spina, former Chairman and Chief Executive Officer of State Street, together with his current and former agents, representatives and other natural persons or entities acting on his behalf.

13. "SSgA" shall mean the worldwide State Street Global Advisors business unit of State Street, together with its current and former partners, directors, officers, employees, agents, representatives, affiliates, subsidiaries, business units, predecessors, successors and other natural persons or entities acting on its behalf.

14. "State Street" shall mean State Street Corporation, together with its current and former partners, directors, officers, employees, agents, representatives, affiliates, subsidiaries, business units, predecessors, successors and other natural persons or entities acting on its behalf.

15. "State Street Bank" shall mean State Street Bank and Trust Company, together with its current and former partners, directors, officers, employees, agents, representatives, affiliates, subsidiaries, business units, predecessors, successors and other natural persons or entities acting on its behalf.

16. "VSP" shall mean the Voluntary Separation Program and the Executive Voluntary Separation Program -- early retirement programs initiated by State Street in 2003.

17. The use of any pronoun herein shall include the masculine, the feminine and the neuter.

18. The use of any singular construction shall include the plural, and the use of the plural shall include the singular.

19. The use of any capitalized word shall include the same word uncapitalized, and the use of any uncapitalized word shall include the same word capitalized.

### INSTRUCTIONS

1. In response to the requests for production of documents below, you are to produce all requested documents in your possession, custody or control, whether or not the production of such documents requires that they be obtained from one or more of your employees, managers, partners, agents, independent contractors, consultants, attorneys, subsidiaries or any other persons.

2. You are to produce the documents requested herein either in the original file or organizational system in which they are customarily maintained or organized so as to correspond to the specific numbered requests below.

3. If you are unable to produce any document requested herein because such document is no longer in existence or no longer within your possession, custody or control, you are to so state and identify each such document by describing its nature and listing its date, author(s) and recipient(s). In addition, you are to describe the circumstances under which each such document ceased to exist or passed from your possession, custody or control and identify each person known or reasonably believed to have possession, custody or control of such document by listing such person's name, business affiliation, address and telephone number.

4.      In the event that any document called for by these requests is withheld on the basis of a claim of privilege or immunity from discovery, that document must be identified by stating: (i) the identity of any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter (without revealing the content as to which the privilege is claimed), number of pages and any attachments or appendices; (iv) the identity of each person to whom the document was distributed, shown or explained; (v) the identity of its present custodian; and (vi) the nature of the privilege or immunity asserted.

5.      This request for production of documents is continuing in nature and requires prompt production of supplemental materials if you obtain additional responsive documents or things or if additional documents or things become responsive after the time of your initial response, to the full extent provided by Fed. R. Civ. P. 26(e).

6.      These requests encompass all specifically requested items, as well as all drafts and any non-identical copies of specifically requested items or drafts. If a request is silent as to the time period for which production of documents is sought, production shall be made of all documents in your possession, custody or control at any time during the period of January 1, 2003, to the present.

REQUESTS FOR PRODUCTION

**Request No. 1**

All documents concerning any agreement, contract or term sheet, including any drafts of or exhibits or supplements to such agreement, contract or term sheet, dated on or around March 11, 2005, between Brown, on the one hand, and (a) State Street, (b) State Street Bank or (c) SSgA, on the other hand.

**Request No. 2**

All communications between Brown, on the one hand, and (a) State Street, (b) State Street Bank or (c) SSgA, on the other hand, dated on or around March 11, 2005.

**Request No. 3**

All communications from January 1, 2003, to March 11, 2005, between you and Brown.

**Request No. 4**

All documents concerning how you first came into contact with Brown prior to March 11, 2005.

**Request No. 5**

All documents dated on or prior to March 11, 2005 concerning Brown's appointment as your Head of Investment.

**Request No. 6**

All documents concerning any agreement, contract or term sheet, including any drafts of or exhibits or supplements to such agreement, contract or term sheet, dated on or around March 11, 2005, between you and Brown.

**Request No. 7**

All documents concerning any reimbursement, compensation or indemnification you will provide Brown in connection with the litigation captioned *Brown v. State Street Corporation and State Street Global Advisors*, Case No. 1:05-cv-11178, and filed in the United States District Court for the District of Massachusetts in the United States of America.

**Request No. 8**

All documents concerning Brown's March 11, 2005 resignation letter.

**Request No. 9**

All documents from on or around March 11, 2005 concerning the possibility in 2005 that Brown would succeed Timothy B. Harbert as either Chairman or Chief Executive Officer of SSgA.