UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ALAN BROWN** )<br>　Plaintiff )<br> )<br>v. )<br> )<br>**STATE STREET CORPORATION,** )<br>**STATE and STREET GLOBAL** )<br>**ADVISORS,** )<br>　Defendants ) | C.A. No. 05-11178-NG |

**PLAINTIFF'S MOTION
TO COMPEL DEFENDANT TO IDENTIFY DOCUMENT PRODUCTION RESPONSE**

The plaintiff Alan Brown moves, pursuant to Fed. R. Civ. P., Rule 37(a)(2), that the defendants be ordered to identify documents produced by the defendants in response to one specific document request and, further, that the defendants be ordered to identify all document requests in response to which they produced no documents. In support of this motion the plaintiff states as follows:

　　1.　　Plaintiff served two sets of requests for production of documents on the defendants. The defendants responded by producing, over a period of time and in various separate productions, some 6,007 pages of documents.

　　2.　　The documents produced appear to be in no coherent order.

　　3.　　The documents are not identified as corresponding with any specific document request.

　　4.　　The defendant repeatedly responded to the plaintiff's document requests, as to those requests it did not challenge, by stating that it would "produce non-privileged documents and things within its custody or control that are responsive to this request, **to the extent such**

**documents and things exist and have been located after a reasonable search.**" (Emphasis added.)

5. As a result of this standard response, the plaintiff has no way of determining whether as to any specific request the defendant produced any documents at all, or whether the defendant was unable to locate any responsive documents.

6. The existence or lack of existence of certain documents is highly relevant to this case. For example, the issue of whether or not State Street notified Alan Brown that its Executive Compensation Committee renounced a financial commitment made by State Street's former Chief Executive Officer to Mr. Brown is at the core of this case and is highly relevant to plaintiff's claims. Plaintiff requested production of documents as follows:

> 4. All communications from any representative, employee, or officer of State Street to Alan Brown informing him of any action by the Executive Compensation Committee concerning the extension to Mr. Brown of any VSP, EVSP or modified VSP or EVSP benefits. (Plaintiff's Second Request for Production of Documents.)

After stating it's "general objection," State Street responded by stating that it would "produce non-privileged documents and things within its custody or control that are responsive to this request, to the extent such documents and things exist and have been located after a reasonable search." (Response to Request No. 4).

7. Plaintiff has no way of determining whether State Street actually produced any documents in response to this request or whether State Street has no responsive documents.

8. The plaintiff subsequently requested that State Street specify any document requests to which it produced no documents. State Street refused to do so, asserting that it produced documents "as they are kept in the ordinary course of business" and therefore complied with the Rules of Civil Procedure

9. The plaintiff does not request that the defendants associate all 6,000 documents with specific requests, except for the one request identified above, Request No. 4 in Plaintiff's Second Request for Production of Documents. In regard to all other document responses, plaintiff only requests that the defendants be compelled to identify those requests to which they were unable to produce **any document**. Compliance with this request should not be burdensome to the defendant and is in accordance with the Rules of Civil Procedure.

Wherefore, the plaintiff requests that this Court order the defendants:

a. to identify, by Bates number, all documents produced in response to Plaintiff's Second Request for Production of Documents, Request No. 4, and

b. to identify each of plaintiff's requests for production of documents to which the defendant agreed to produce responsive documents but after making a diligent search the defendant was unable to locate any responsive document in its custody, possession or control and therefore produced no document.

Plaintiff further requests, pursuant to Fed. R. Civ. P., Rule 37(a)(4), that the defendant be ordered to pay the plaintiff's reasonable legal fees in bringing this motion and obtaining this discovery.

Alan Brown, plaintiff
By his attorneys,

/s/ Harvey A. Schwartz
HARVEY A. SCHWARTZ
 BBO. # 448080
LAURIE A. FRANKL
 BBO # # 647181
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108
(617) 742-7010

**Certification pursuant to L.R. 7.1(a)(2) and 37.1(b)**

      I certify that I attempted to resolve the discovery dispute that is the subject of this motion by sending the letter attached as Exhibit 1 to counsel for the defendants and that counsel for the defendants responded by sending me the letter attached as Exhibit 2.

                                            /s/ Harvey A. Schwartz
                                            HARVEY A. SCHWARTZ

RODGERS, POWERS & SCHWARTZ, LLP

18 Tremont Street        *ATTORNEYS AT LAW*
Boston, Ma 02108
Tel. (617) 742-7010
Fax (617) 742-7225

Harvey A. Schwartz, P.C.
Email • Harvey@TheEmploymentLawyers.com

June 6, 2006

Rex Lee
Quinn Emaneul Urquhart Oliver & Hedges LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Mr. Lee:

I appreciate the defendant's extensive document production so far. I noticed that you have not identified which documents were produced in response to which request, as required by Rule 34(b). Because of that failure, I have been unable to determine whether there are any requests to which you agreed to produce documents but could find none to produce.

I don't want to put you to the trouble of categorizing every document that has been produced by its corresponding request. However, I do have two more simple requests:

> 1.      Please identify each document request, if any, to which the defendant agreed to produce documents but did not produce any document because there were no responsive documents in its possession, custody or control. I suggest that if there are any such requests that your response to the document request should indicate that after a diligent search no responsive documents were located, and
>
> 2.      Please identify by number all documents produced in response to Requests Nos. 4 and 5 in Mr. Brown's second request for production of documents.

Harvey A. Schwartz

Harvey A. Schwartz, P.C.
Kevin Powers
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Mantell
(of counsel)  Linda Evans
Laurie A. Frankl
Sara Smolik

06/09/2006 15:37 FAX  212 702 8200    QUINN EMANUEL                                    ☒002/002

**quinn emanuel** trial lawyers | new york

WRITER'S DIRECT DIAL NO.
(212) 849-7163

WRITER'S INTERNET ADDRESS
rexlee@quinnemanuel.com

June 9, 2006

<u>VIA FACSIMILE</u>

Harvey A. Schwartz, Esq.
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108

Dear Harvey:

I received your letter, dated June 6, 2006, asking us to identify for which of your document requests we have not located responsive documents. I will not agree to produce the information you requested. First, I disagree with your interpretation of Fed. R. Civ. P. 34. Rule 34 does not require us to organize the documents to correspond with the categories in your requests; rather we may produce documents as they are kept in the ordinary course of business, which we have done. Moreover, it does not require us to provide the additional information you requested in your letter. As you acknowledged, we have been forthcoming in discovery. I don't believe that State Street should have to incur any additional expense to revisit discovery requests to which we have already responded, unless to comply with its continuing obligation to produce responsive documents that it finds.

Very truly yours,

Rex Lee

00361/1898321.1