UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ALAN BROWN**<br>   Plaintiff<br><br>v.<br><br>**STATE STREET CORPORATION,<br>STATE and STREET GLOBAL<br>ADVISORS,**<br>   Defendants | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-11178-NG<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## TO COMPEL DEFENDANT TO IDENTIFY DOCUMENT PRODUCTION RESPONSE

This case revolves around what the defendant has termed a "verbal commitment" made by its former Chief Executive Officer to the plaintiff, Alan Brown, to extend certain benefits to him when and if he left State Street. The parties have taken numerous depositions and have exchanged written discovery, including document production. State Street produced some 6,007 pages of documents, mostly contained in three cardboard boxes, but also produced piecemeal at several times after the initial delivery. The documents are all numbered. They are not identified in any other way. They were produced in no coherent order but, instead, appear to be numbered at random. The defendants' responses to the plaintiff's two document requests does not identify which documents, if any, were produced in response to which request.

The plaintiff Alan Brown moves, pursuant to Fed. R. Civ. P., Rule 37(a)(2), that the defendants be ordered to identify documents produced by the defendants in response to one specific document request and, further, that the defendants be ordered to identify all document requests in response to which they produced **no documents**.

Rule 34 gives a producing party the option to either produce the documents for inspection "as they are kept in the usual course of business" or to "organize and label them to correspond with the categories in the request." State Street did neither, but instead left it to the plaintiff to determine, as best he can, which documents correspond to which request and whether or not State Street was able to locate any documents responsive to some requests. The Rules of Civil procedure require more than that.

Brown's counsel requested that State Street identify any requests in which it produced no documents and to identify documents produced in response to only two requests. State Street refused to do either, claiming the documents were produced "as they are kept in the ordinary course of business."

**The existence of non-existence of specific documents is highly relevant**

State Street's failure to locate documents responsive to some requests is highly relevant. For example, one important issue is whether State Street ever notified Brown that it's Executive Compensation Committee renounced it's CEO's "verbal commitment" to Brown. Brown says he never received any such notice. Documents reflecting such notification should have been produced in response to a number of requests. State Street's inability to locate any document reflecting this communication is highly relevant and supports Brown's claim that he never received this notice. Plaintiff is unable to determine whether State Street claims it produced a document reflecting this notice or whether State Street was unable to locate any responsive document and therefore produced nothing.

Similarly, the defendants have renounced any "commitment" made by State Street's former CEO, claiming he lacked authority to make such a commitment to Mr. Brown. Document Request No. 37 sought documents "stating, implying or concerning David Spina's lack of

authority to commit State Street to compensation arrangements with executives." State Street agreed to produce such responsive documents as it could find, but plaintiff has no way of knowing whether it located any responsive documents.

### State Street did not produce documents "as they were maintained in the ordinary course of business"

The Court should find that it is highly unlikely that in the ordinary course of State Street's business operations it actually maintained the 6,000 or so disparate documents it produced in three cardboard boxes in no particular order or sequence. It is obvious that these documents were selected from State Street's various record-keeping systems, copied and then numbered and placed in these boxes. It is inconceivable that in "the ordinary course of business" all of these documents just happened to be stored together.

The District Court for the Northern District of Illinois was faced with a similar situation in *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351 (D. Ill. 2005). In that case the defendant produced boxes of documents but failed to identify the documents with any specific request. The Court ordered such identification, saying,

> Rule 34 was amended in 1980 because of a concern that litigants were deliberately mixing critical documents with masses of other documents to hide their existence or obscure their significance. *See Board of Education of Evanston Township High School Dist. No. 202 v. Admiral Heating & 3, Inc.*, 104 F.R.D. 23, 36 (N.D.Ill. 1984)(Shadur, J.); 8A C. Wright, A.Miller & R.Marcus, Federal Practice and Procedure, § 2213, at 431 (2nd ed. 1994). Requiring documents to be produced "as they are kept in the usual course of business" (emphasis supplied), precludes artificial shifting of documents (assuming that the rule is adhered to). A businesses has an obvious incentive to keep needed documents in a way that maximizes their usefulness in the day-to-day operations of the business.

231 F.R.D. at 363. Just as the Illinois district court found, this Court should find that "[t]he . . . defendants are not at liberty under federal discovery rules to dump massive amounts of

documents, which the defendants concede have 'no logical order to them,' (Response at 9), on their adversaries and demand that they try to find what they are looking for." *Id*. (collecting cases). The defendant was ordered to identify the documents with their corresponding request.

Other courts have similarly ordered parties to associate documents with document requests. In *Bonilla v. Trebol Motors Corp.*, 1997 U.S. Dist. LEXIS 4370, 219-220 (D.P.R. 1997), the defendant produced 100 boxes of documents with no index and without correspondence to specific requests. The court ordered the documents to be labeled, saying, "even if Trebol Motors is producing the documents as they are kept in the normal course of business, which Plaintiffs dispute, Plaintiffs are entitled to ask that they be produced in an orderly fashion consistent with the goals of the Federal Rules to determine all relevant facts quickly and efficiently." *Id*. at 222-223. The Puerto Rico District Court referred to *N.Taube Corp. v. Marine Midland Mortgage Corporation*, 136 F.R.D. 449 (W.D. N.C. 1991) and *Board of Education of Evanston Township v. Admiral Heating*, 104 F.R.D. 23 (1984) as support for the proposition that "the defendant would be required to organize documents produced so as to clearly indicate which documents responded to specific requests for production."

Plaintiff's request is limited and reasonable. Of course, the original production should have complied with the Rules and every document should have been associated with a specific request. Plaintiff does not now request that the defendant be ordered to undergo that task. Instead, all plaintiff requests is that the defendant be ordered to identify any request to which it produced **no documents**. In such instances, the proper response should have been to state that the defendant could locate no responsive documents, rather than the artful response that the defendant would produce documents "to the extent such documents and things exist and have

been located after a reasonable search." The plaintiff seeks identification as to only one request, No. 4 in Plaintiff's Second Request for Production. This Request sought:

> No. 4. All communications from any representative, employee, or officer of State Street to Alan Brown informing him of any action by the Executive Compensation Committee concerning the extension to Mr. Brown of any VSP, EVSP or modified VSP or EVSP benefits.

Brown denies ever being informed of any action taken by the Executive Compensation Committee concerning him. If State Streets claims to have a document reflecting such communications, and such a document has been produced, Brown should not be compelled to analyze all 6,000 documents produced and guess which one contains that communication. If State Street has no such document, it should be ordered to say so.

This discovery dispute is the result of a defendant's failure to comply with simple discovery rules and, instead, to obfuscate the discovery process. It would have been simple for the defendant to comply with the requirements of the Rules of Civil Procedures and it would have been even more simple for the defendant to respond to a request to which it found no documents by stating it had no responsive documents. The plaintiff should not have to bear the financial cost of forcing the defendant to comply with such a straightforward application of a discovery rule. In addition to the relief requested, the defendant should be ordered to reimburse the plaintiff for his legal fees in bringing this motion.

Alan Brown, plaintiff
By his attorneys,

/s/ Harvey A. Schwartz
HARVEY A. SCHWARTZ
 BBO. # 448080
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108
(617) 742-7010