UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------- x
ALAN BROWN,                                   :  Case No. 05 Civ. 11178 (NG)
                                              :
              Plaintiff,                :
                                              :  **ANSWER TO FIRST**
      -against-                        :  **AMENDED COMPLAINT**
                                              :
STATE STREET CORPORATION                      :
and STATE STREET GLOBAL                       :
ADVISORS,                                     :
                                              :
              Defendants.               :
------------------------------------------------------------- x

       Defendants State Street Corporation and State Street Global Advisors (collectively "State Street"), by and through its undersigned counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP, and Hare & Chaffin, as and for an Answer to the allegations in the First Amended Complaint (the "Complaint") of plaintiff Alan Brown, filed May 26, 2006, respond:

### INTRODUCTION

       1.    Deny the allegations contained in paragraph 1 of the Complaint, except admit that the Complaint purports to allege an action for breach of an agreement and that Brown was the former Chief Investment Officer of the State Street Global Advisors division of State Street Bank and Trust Company (the "Bank"), a wholly-owned subsidiary of State Street Corporation.

### PARTIES

       2.    Deny the allegations contained in paragraph 2 of the Complaint, except admit that Brown is a British citizen and a resident of London, England, admit that he was the former Chief Investment Officer of the State Street Global Advisors division of the Bank and deny knowledge or information sufficient to form a belief as to his notoriety.

3. Deny the allegations contained in paragraph 3 of the Complaint, except admit that State Street Corporation is a Massachusetts corporation that is based and has offices in Boston, Suffolk County, Massachusetts and state that State Street Global Advisors is an unincorporated division of the Bank.

### JURISDICTION

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

### Facts

6. Deny the allegations contained in paragraph 6 of the Complaint and state that in 1995 Brown began working for State Street Global Advisors Limited, formerly known as State Street Global Advisors U.K. Limited.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Brown initially served as Managing Director of State Street Global Advisors Limited, formerly known as State Street Global Advisors U.K. Limited, and state that State Street Global Advisors Limited is the United Kingdom operations of the State Street Global Advisors division of the Bank.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Brown is a resident of London, had periodic contact with the United States office and traveled to the United States and other places from time to time.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that Brown was appointed Executive Vice President of State Street Corporation in 2000.

10. Deny the allegations contained in paragraph 10 of the Complaint and respectfully refer to the written documents of the Voluntary Separation Program and the

Executive Voluntary Separation Program (collectively "the VSP") for a complete and accurate statement of their contents.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint, except admit that Brown was 50 years old at that time.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint, except state that on June 10, 2004, Brown wrote an email to David Spina and respectfully refer to that email for a complete and accurate statement of its contents.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that Spina left his employment with State Street Corporation on or about June 30, 2004, state that on June 15, 2004, he sent an email to Brown and respectfully refer to that email for a complete and accurate statement of its contents.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that Spina sent a letter, dated June 30, 2004, to the Chairman of the Executive Compensation Committee of State Street Corporation's Board of Directors and respectfully refer to that letter for a complete and accurate statement of its contents.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that Spina sent a copy of that June 30, 2004 letter to Timothy Harbert and deny knowledge or information sufficient to form a belief as to whether Brown received a copy as well.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint, except admit that Ronald Logue succeeded Spina as State Street Corporation's Chairman and Chief Executive Officer on or about July 1, 2004.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint and state that Luis de Ocejo was an Executive Vice President for the Bank's Global Human Resources, formerly known as Human Resources and Organizational Performance.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint, except state that Brown was not entitled to any benefits under the VSP.

### AS AND FOR AN ANSWER TO COUNT ONE
### BREACH OF CONTRACT

State Street incorporates by reference its responses to paragraphs 1-34 herein as though fully set forth in full.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

### AS AND FOR AN ANSWER TO COUNT TWO
### RATIFICATION

State Street incorporates by reference its responses to paragraphs 1-39 herein as though fully set forth in full.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

### AS AND FOR AN ANSWER TO COUNT THREE
### DETRIMENTAL RELIANCE, PROMISSORY ESTOPPEL

State Street incorporates by reference its responses to paragraphs 1-41 herein as though fully set forth in full.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

### AS AND FOR AN ANSWER TO COUNT FOUR
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

State Street incorporates by reference its responses to paragraphs 1-43 herein as though fully set forth in full.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

47. The Complaint fails to state a valid claim upon which relief can be granted.

### Second Affirmative Defense
### (Federal Preemption)

48. To the extent Brown alleges that he is entitled to benefits from any severance, pension or retirement plan of State Street Corporation or State Street Global Advisors, his claims are completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq., and should therefore be dismissed with prejudice.

### Third Affirmative Defense
### (29 U.S.C. §§ 1102(a)-(b))

49. To the extent Brown alleges that he is entitled to benefits from any severance, pension or retirement plan of State Street Corporation or State Street Global Advisors, his claims are completely barred by the provisions of Sections 402(a) and 402(b) of ERISA, 29 U.S.C. §§ 1102(a)-(b), under which a plan can only be amended in writing and in accordance with its terms.

### Fourth Affirmative Defense
### (Standing)

50. To the extent Brown alleges that he is entitled to benefits from any severance, pension or retirement plan of State Street Corporation or State Street Global Advisors,

he was not a participant in any such severance, pension or retirement plan and thus lacks standing to bring his claims.

### Fifth Affirmative Defense
### (Standing)

51. To the extent Brown alleges that he is entitled to benefits under the VSP, he was not a participant in the VSP and thus lacks standing to bring his claims.

### Sixth Affirmative Defense
### (The Express Terms of the VSP)

52. To the extent Brown alleges that he is entitled to benefits under the VSP, his claims for relief are barred by the express language of the VSP documents.

### Seventh Affirmative Defense
### (Lack of Consideration)

53. Brown's claims are barred on the grounds of lack of consideration.

### Eighth Affirmative Defense
### (Failure of Performance)

54. Brown's claims are barred on the grounds of failure of performance.

### Ninth Affirmative Defense
### (Mass. Gen. Laws ch. 259, § 1)

55. Brown's claims are barred by the Statute of Frauds, Mass. Gen. Laws ch. 259, § 1.

### Tenth Affirmative Defense
### (Parol-Evidence Rule)

56. Brown had an employment agreement with State Street Global Advisors U.K. Limited. Paragraph 32.3 of that agreement states "This agreement sets out the entire agreement and understanding of the parties." To the extent Brown's claims assert obligations not found in that agreement, they are barred by the parol-evidence rule.

### Eleventh Affirmative Defense
### (Waiver and Ratification)

57. By his continued employment with State Street, with knowledge that he was not awarded the benefits he sought, Brown waived any claim he may have had respecting such benefits and ratified the decision made by the Executive Compensation Committee relating thereto. Accordingly, his claims are barred on the grounds of waiver and ratification.

### Twelfth Affirmative Defense
### (Reserved Defenses; Further Investigation)

58. State Street has not knowingly or intentionally waived any applicable defenses. State Street presently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses, and reserves the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, State Street respectfully requests judgment as follows:

A. Dismissing the Complaint with prejudice;

B. Awarding State Street its costs, disbursements, and any allowable attorney's fees incurred in this action; and

C. Awarding such other relief as the Court deems just and proper.

Dated: New York, New York
June 15, 2006

Respectfully submitted,

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

By: ___/s/ Peter Calamari___
Peter E. Calamari (*Pro Hac Vice*)
Rex Lee (*Pro Hac Vice*)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

HARE & CHAFFIN

By: ___/s/ David B. Chaffin___
David B. Chaffin
BBO No. 549245

160 Federal Street
Boston, MA 02110
(610) 330-5000

*Attorneys for Defendants
  State Street Corporation
  and State Street Global Advisors*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2006.

___/s/ Rex Lee___