UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------- x
ALAN BROWN,                                            :   Case No. 05 Civ. 11178 (NG)
                                                       :
                Plaintiff,                :
                                                       :
      -against-                                :
                                                       :
STATE STREET CORPORATION                               :
and STATE STREET GLOBAL                                :
ADVISORS,                                              :
                                                       :
               Defendants.               :
------------------------------------------------------- x

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendants State Street Corporation and State Street Global Advisors (collectively "State Street") respectfully submit this memorandum of law in opposition to plaintiff Alan Brown's motion to compel State Street to organize documents that it produced.

#### PRELIMINARY STATEMENT

The Court should not have to be involved here. The parties could have resolved this dispute on their own. Yet, rather than confer with counsel for State Street or make any good faith effort to resolve this dispute without court action, Brown has brought this motion. And, having delayed in raising the issue for over three months, he has waived his right to do so. Moreover, this case does not involve a large amount of documents, and Brown has had ample opportunity to develop, and has developed, through other discovery means the information that he moves to compel here. Accordingly, his motion should be denied.

## **ARGUMENT**

I.  **BROWN DID NOT ATTEMPT TO CONFER WITH STATE STREET BEFORE BRINGING THIS MOTION**

Before filing this motion, Brown's counsel, Harvey Schwartz, did not call State Street's attorneys to discuss these issues. Instead, on June 6, 2006, he sent a letter to Rex Lee, an attorney for State Street. *See* Ex. 1 to Pl. Mot. In that letter, Mr. Schwartz never requested -- or even mentioned -- a discovery conference. Nor did he indicate that a motion to compel would be forthcoming. Nor did he adequately set forth the basis for why he believed he was entitled to the information he sought. In response, Mr. Lee sent Mr. Schwartz a letter on June 9, 2006. *See* Ex. 2 to Pl. Mot. On the next business day, Mr. Schwartz filed this motion.

Fed. R. Civ. P. 37(a)(2)(B), however, requires a party to make a good faith effort to confer before filing a motion to compel. Local Rule 37.1 further instructs that it is the "responsibility of counsel for the moving party to arrange for the *conference*." LR, D. Mass 37.1(a) (emphasis added). A plain reading of the rule demonstrates that a single letter will not suffice. Whether in person or on the phone, it requires live interaction between the attorneys. Caselaw also makes this clear. *See, e.g., Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995) ("...a live exchange of ideas and opinions is required."). Here, no conference occurred, not because of Mr. Lee's response to Mr. Schwartz's letter, but because Mr. Schwartz never requested one. Accordingly, the Court should deny this motion in its entirety.

II. **BROWN WAIVED HIS RIGHT TO BRING THIS MOTION**

Moreover, Brown has waived his right to bring this motion. State Street made its initial production over three months ago, on March 15, 2006. As Brown admits, *see* Pl. Mem. at 1, this production contained the vast majority of the documents it produced in this case. Rather than object at that time to the manner in which State Street produced its documents, Brown has

2

waited until discovery is about to close to do so. Delaying three months before bringing a motion to compel would make sense if Brown were complaining that State Street was withholding documents -- which it has not -- or if he were assuming that State Street would comply with its continuing obligation to make supplemental productions -- which it did. He claims, however, that it should have organized its documents to correspond to his requests from the beginning. *See id.* at 4 ("...every document should have been associated with a specific request."). Accordingly, Brown's delay in bringing this motion constitutes waiver, and the Court should deny it in its entirety.[1]

### III. STATE STREET COMPLIED WITH RULE 34(b) BY PRODUCING ITS DOCUMENTS AS THEY WERE MAINTAINED IN THE USUAL COURSE OF BUSINESS

Brown argues that State Street should have organized its documents to correspond with his requests as a matter of course. *See id.* at 4. The Federal Rules, however, do not require a party to produce its documents in this manner. Rather, State Street complied with Rule 34(b) by producing its documents as they were maintained in the "usual course of business." Fed. R. Civ. P. 34(b). Documents that were stapled or clipped remained stapled or clipped when produced. Hard drives were searched and the emails that were retrieved were grouped together. If an email contained an attachment, that attachment was produced right next to the email.

And while many of his requests were broad and sweeping,[2] he cannot show that State Street produced massive amounts of nonresponsive paper in an attempt to conceal crucial documents. Nor can he claim that State Street mixed and mingled pages of documents to mask

---

[1] While Fed. R. Civ. P. 37 does not set a specific deadline for when motions to compel must be filed, the Court has considerable discretion in determining whether such motions are timely. 7 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶37.05[2] (3d ed. 1999).

[2] For example, Brown sought "[a]ll documents concerning the initial consideration, design, and implementation of the VSP" (a termination program affecting thousands of State Street employees).

3

their content. State Street did neither. That is all Rule 34 requires. *See Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (documents taken from storage complied with Rule 34(b) where court concluded that there was no attempt to mingle responsive documents with large numbers of nonresponsive ones).

## IV.    BROWN HAS HAD AMPLE DISCOVERY

Additionally, this motion is unnecessary because Brown has had plenty of opportunities to obtain, and has already obtained, the information he now seeks the Court to compel. He has deposed numerous witnesses and questioned all of them about the documents in State Street's production. He has served requests for admission and could have propounded interrogatories on these issues but chose not to. And, to be clear, the 6,000 pages -- a little more than two bankers boxes -- of documents that State Street produced is not a vast amount. A large portion of these documents are drafts and planning materials in connection with the VSP, which Brown specifically requested. The remainder of the documents he has explored at length with State Street's witnesses. Accordingly, the Court should deny his motion in its entirety.

## CONCLUSION

For the foregoing reasons, State Street respectfully requests that Brown's motion to compel be denied in its entirety.

Dated: New York, New York
June 26, 2006

Respectfully submitted,

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

By:   /s/ Peter Calamari
    Peter E. Calamari (*Pro Hac Vice*)
    Rex Lee (*Pro Hac Vice*)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

HARE & CHAFFIN

By:   /s/ David B. Chaffin
    David B. Chaffin
    BBO No. 549245

160 Federal Street
Boston, MA  02110
(610) 330-5000

*Attorneys for Defendants
  State Street Corporation
  and State Street Global Advisors*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 26, 2006.

                    /s/ Rex Lee