Plaintiff's exhibit 27



REDACTED

William W
Hunt/USA/StateStreet
03/17/2005 06:36 PM

To   Alan Brown/Europe/StateStreet

cc   Mitch Shames/USA/StateStreet@StateStreet

Subject   Follow up

Dear Alan:

As you state in your email to Ron dated March 11, 2005, your conclusion that your position at the Company has become untenable compels us to agree that your employment with State Street must end, as the implications of your considered view are unmistakable. Therefore, tomorrow, Friday, March 18, 2005, will be the date on which your voluntary resignation from employment with State Street will take effect. A representative from HR&OP will contact you regarding the return of any State Street property in your possession, including your ID badge, credit cards, cellular phone, Blackberry, and all business documents.

In accordance with your employment agreement dated December 7, 1994, you are entitled to 60 days' pay in lieu of notice. Payment will be forthcoming in the form of salary continuation through May 17, 2005. However, with regard to your request to elect a "Voluntary Separation Program," we reject your assertion that you are entitled to the benefits of any such program. As you know, the VSP program was never extended to any U.K.-based employees or executives, and a number of aspects of the program do not even apply to persons (such as yourself) who do not participate in the subject benefit plans. Moreover, you do not satisfy the timing requirement for making a VSP election, which expired in June, 2003.

In addition, despite whatever communications you may have had with David Spina, no actual agreement was ever reached as to the substance of any promise to provide you with VSP benefits at some indefinite time in the future, and no document was ever executed to this effect. Moreover, David Spina did not have the authority to commit State Street to enhance your benefits package in the extraordinary manner you now allege — a fact made clear to you in both an email and a letter in which David stated that his assurances to you were only that he would make a recommendation to the Board that you be made eligible (through some means) to receive VSP-type separation benefits. You never registered disagreement with David's assertions, no doubt because you understood full well that the Board's Executive Compensation Committee needed to approve any substantial adjustments to the compensation arrangements of the Company's senior executives. David did, as apparently promised, recommend your eligibility for VSP-type benefits upon separation; but, as we understand you were informed some eight months ago, the Committee rejected such proposal.

Thank you for your contributions to SSgA.

Sincerely yours,

Bill

SSC 01152

# Plaintiff's exhibit 28A

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7163**

WRITER'S INTERNET ADDRESS
**rexlee@quinnemanuel.com**

September 19, 2006

**VIA FEDERAL EXPRESS**

Harvey A. Schwartz, Esq.
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108

Re:    *Brown v. State Street Corporation, et al.*, 1:05-cv-11178 (NG)

Dear Harvey:

In reference to the above-captioned action, I am writing to provide you with the information the Court directed us to provide in its electronic discovery order dated September 9, 2006, granting plaintiff's motion to compel dated June 12, 2006.

In your motion to compel, you requested that defendants:

    (a)    identify, by Bates number, all document produced in response to Plaintiff's Second Request for Production of Documents, Request No. 4; and

    (b)    identify each of plaintiff's request for production of documents to which defendants agreed to produce responsive documents but after making a diligent search, they were unable to locate any responsive document in their custody, possession or control and therefore produced no document.

Accordingly, with respect to request (a), defendants state that they have produced documents Bates numbered SSC 01151, SSC 01207, SSC 01324-25, SSC 04672-76 and SSC 05610 in response to Plaintiff's Second Request for Production of Documents, Request No. 4.

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-601-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Harvey A. Schwartz, Esq.
September 19, 2006
Page 2

With respect to request (b), defendants state that, after a diligent search, they have not produced documents (because no such documents exist) in response to Plaintiff's First Request for Production of Documents, Requests Nos. 10, 11, 47 and 48.

Please do not hesitate to contact me if you have any questions.

Yours very truly,

Rex Lee

# Plaintiff's exhibit 28B

REDACTED

William W
Hunt/USA/StateStreet                    To   Alan Brown/Europe/StateStreet
03/17/2005 06:36 PM                     cc   Mitch Shames/USA/StateStreet@StateStreet
                                    Subject   Follow up

Dear Alan:

As you state in your email to Ron dated March 11, 2005, your conclusion that your position at
the Company has become untenable compels us to agree that your employment with State Street
must end, as the implications of your considered view are unmistakable. Therefore, tomorrow,
Friday, March 18, 2005, will be the date on which your voluntary resignation from employment
with State Street will take effect. A representative from HR&OP will contact you regarding the
return of any State Street property in your possession, including your ID badge, credit cards,
cellular phone, Blackberry, and all business documents.

In accordance with your employment agreement dated December 7, 1994, you are entitled to 60
days' pay in lieu of notice. Payment will be forthcoming in the form of salary continuation
through May 17, 2005. However, with regard to your request to elect a "Voluntary Separation
Program," we reject your assertion that you are entitled to the benefits of any such program. As
you know, the VSP program was never extended to any U.K.-based employees or executives, and
a number of aspects of the program do not even apply to persons (such as yourself) who do not
participate in the subject benefit plans. Moreover, you do not satisfy the timing requirement for
making a VSP election, which expired in June, 2003.

In addition, despite whatever communications you may have had with David Spina, no actual
agreement was ever reached as to the substance of any promise to provide you with VSP benefits
at some indefinite time in the future, and no document was ever executed to this effect.
Moreover, David Spina did not have the authority to commit State Street to enhance your
benefits package in the extraordinary manner you now allege — a fact made clear to you in both
an email and a letter in which David stated that his assurances to you were only that he would
make a recommendation to the Board that you be made eligible (through some means) to receive
VSP-type separation benefits. You never registered disagreement with David's assertions, no
doubt because you understood full well that the Board's Executive Compensation Committee
needed to approve any substantial adjustments to the compensation arrangements of the
Company's senior executives. David did, as apparently promised, recommend your eligibility for
VSP-type benefits upon separation; but, as we understand you were informed some eight months
ago, the Committee rejected such proposal.

Thank you for your contributions to SSgA.

SSC 01151

Sincerely yours,

Bill

SSC 01152

David A
Spina/USA/StateStreet
06/15/2004 04:13 PM

To    Alan Brown/Europe/StateStreet@StateStreet

cc    Tim Harbert/USA/StateStreet@StateStreet

bcc

Subject    Re: Post VSP understanding 📄

Alan - greetings - I am not ignoring you!!!  Thanks for the 'first cut' at a record.  I will share with Lou de Ocejo and plan to discuss the general outline with our Executive Comp Committee of the Board of Directors tomorrow.  So I will get it on the record.  More after the meeting with the board on Wed/Thursday.  David.

SSC 01207

A meeting of the Executive Compensation Committee of State Street Corporation was held on Wednesday September 15, 2004 at the Saybrook Point Inn in Old Saybrook, Connecticut.

Mr. Weissman, the Chairman, presided. The following directors were also present: Ms. Hill and Messrs. Darehshori and Sergel. Also present were Messrs. Logue, de Ocejo, Ooi, and Cutrell, who kept the minutes. Also in attendance was Mr. Peter Egan, Principal, Hewitt Associates.

Mr. Weissman called the meeting to order noting the presence of a quorum.

Mr. deOcejo reviewed a summary of actions taken at the Committee's June 16, 2004 meeting following which Mr. Cutrell presented minutes of that meeting, which had been distributed previously. Upon motion duly made and seconded, it was unanimously

VOTED:     That the minutes of the meeting of the Executive Compensation Committee held on June 16, 2004, having been provided to the members, be and hereby are approved.

Mr. de Ocejo presented and reviewed information on State Street's compensation philosophy and practices. He reviewed information on the components of compensation compared to market for various employee groups as follows: base salary; annual incentives; total cash compensation; long-term incentives; and total compensation. He noted that management has reviewed the Company's current compensation practice and has identified issues for the 2005 plan year and thereafter. In this regard, he reported that cash compensation has lagged the competition and discussed alternatives to address this by shifting the focus away from equity awards towards cash. He also reported that bonus targets are competitive, but have been underfunded. He reviewed possible implications as well as a process for addressing these issues. He reviewed pay mix recommendations that would increase annual incentive opportunity and replace stock options with SARs (stock appreciation rights) an equity grant similar to stock options which he described. He reviewed recommendations for the EVP population, and for the AVP to SVP levels, and discussed a change in the proposed vesting schedule of grants. He reviewed a proposed plan to shift to the new strategy to replace option grants with SARs in March 2005 and discussed related considerations. Discussion followed.

Mr. Egan, by referring to a report, which was included in the materials presented to the meeting, presented an analysis of executive compensation of twelve executives in relation to a comparator group of companies.

REDACTED

CONFIDENTIAL

REDACTED

Mr. de Ocejo presented a review of executive compensation strategy for thirty-five senior executives of the Corporation noting that total compensation is targeted and includes base salary, annual incentive awards, and long term compensation. He reviewed a comparator group of companies used to measure compensation levels. He reviewed components of the compensation architecture including the terms and participants in the Senior Executive Annual Incentive Plan (162 (m) plan), and the Executive Annual Incentive Plan. He reviewed the terms of performance awards under the 1997 Equity Incentive Plan and discussed the benefits of replacing option grants with SARs. He reviewed the annual incentive plan funding architecture, discussed executive total compensation structure, and reviewed the annual planning cycle for the executive compensation committee. Discussion followed.

Mr. Ooi reviewed proposed amendments to the Executive SERP to provide a death and disability benefit. He noted that Executive SERP vesting is age 55 and 10 years' service and that there is no death or disability benefit prior to the vesting date. He reviewed proposed amendments to provide benefits for deaths in service occurring prior to vesting. Following discussion, and upon motion duly made and seconded, it was unanimously

VOTED:    That an amendment to the State Street Corporation Supplemental Defined Benefit Pension Plan (the "Executive SERP") providing for the immediate vesting in a pension benefit upon termination of employment by a Participant due to his or her death or long-term disability calculated as (i) with respect to a Participant's death, 50% of the Participant's accrued benefit reduced for early retirement age and multiplied by a percentage determined by dividing the sum of the Participant's age and years of service by 85; and (ii) with respect to a Participant's long-term disability, the Participant's accrued benefit reduced for early retirement age and multiplied by a percentage determined by dividing the sum of the Participant's age and years of service by 85, be and it is hereby approved in principle, to be adopted in such form as and made effective as provided below.

VOTED:    That such amendment to the Executive SERP be in such form as, and made effective as determined by, the Chairman and Chief Executive Officer, the Vice-Chairman, or the Executive Vice President, Human Resources and Organizational Performance, in his or their discretion; and the officers of the Corporation be and they are and each of them is hereby authorized and directed, in the name and on behalf of the Corporation, to execute such documents and take such other measures as such officer or officers deem necessary or appropriate to effectuate the foregoing, the execution of any such document and the taking of

2

SSC 04673

any such other measure by such officer or officer so acting to be conclusive evidence that the same has been approved by this Committee.

The meeting went into executive session at which time Messrs. Logue and Cutrell left the room. Mr. Ooi kept the minutes in the absence of the Secretary.

REDACTED

Mr. Logue returned to the meeting.

Mr. de Ocejo presented and reviewed proposed actions in order to accommodate verbal commitments made to an executive during the period the Executive Voluntary Separation Program (EVSP) was available. He reviewed proposed modifications to the EVSP. Mr. de Ocejo presented and reviewed a proposed compensation package for ;            Following discussion, and upon motion duly made and seconded, it was unanimously

VOTED:    That effective July 1, 2004, the Executive Voluntary Separation Program ("EVSP") be interpreted to provide that, in order to meet critical business needs of the Corporation, the Corporation's executive management may exercise its discretion by rehiring as an employee or consultant prior to the lapse of the two-year restricted period a former employee who terminated his or her employment pursuant to the EVSP.

VOTED:    That the Chairman and Chief Executive Officer, the Vice-Chairman, or the Executive Vice President, Human Resources and Organizational Performance of the Corporation be and they are and each of them is hereby authorized and directed, in the name and on behalf of the Corporation, to take such actions as such officer or officers deem necessary or appropriate to effectuate the foregoing vote; and that the taking of any such action by such officer or officer so acting shall be conclusive evidence that the same has been approved by this Committee.

Mr. de Ocejo presented and reviewed a proposed severance agreement for            Following discussion, and upon motion duly made and seconded, it was unanimously

SSC 04674

VOTED:

REDACTED

VOTED:       That the Chairman and Chief Executive Officer, the Vice-Chairman, or the Executive Vice President, Human Resources and Organizational Performance of the Corporation be and they are and each of them is hereby authorized and directed, in the name and on behalf of the Corporation, to take such actions as such officer or officers deem necessary or appropriate to effectuate the foregoing vote; and that the taking of any such action by such officer or officer so acting shall be conclusive evidence that the same has been approved by this Committee.

Mr. de Ocejo also presented and reviewed a compensation action for . Following discussion, and upon motion duly made and seconded, it was unanimously

VOTED:

VOTED:       That the Chairman and Chief Executive Officer, the Vice-Chairman, or the Executive Vice President, Human Resources and Organizational Performance of the Corporation be and they are and each of them is hereby authorized and directed, in the name and on behalf of the Corporation, to take such actions as such officer or officers deem necessary or appropriate to effectuate the foregoing vote; and that the taking of any such action by such officer or officer so acting shall be conclusive evidence that the same has been approved by this Committee.

Mr. de Ocejo presented and reviewed awards, payments, . Following discussion, and upon motion duly made and seconded, it was unanimously

VOTED:

SSC 04675

CONFIDENTIAL

VOTED:    That the Chairman and Chief Executive Officer, the Vice-Chairman, or the Executive Vice President, Human Resources and Organizational Performance of the Corporation be and they are and each of them is hereby authorized and directed, in the name and on behalf of the Corporation, to take such actions as such officer or officers deem necessary or appropriate to effectuate the foregoing vote; and that the taking of any such action by such officer or officer so acting shall be conclusive evidence that the same has been approved by this Committee.

Mr. Logue presented and reviewed a financial update on the annual incentive plan. Discussion followed.

There being no further business, the meeting adjourned.

Dissolved.

A true record.

Attest:

_____
Charles C. Cutrell, III

_____
Boon S. Ooi

5

SSC 04676



**State Street Corporation**

STATE STREET.
For Everything You Invest In.

CONFIDENTIAL

Executive Compensation Committee Meeting
September 15, 2004 - 1:45 pm to 3:45 pm

       **1.  Organizational Chart**

1:45 pm  **2.  Previous Meeting** (5 minutes)

      A. Summary of Actions                      **Luis de Ocejo**
      B. Record of Meeting                      **Skip Cutrell**

1:50 pm  **3.  Committee Business** (1 hour, 35 minutes)

      A. Update Compensation Philosophy        **Luis de Ocejo**
      B. Executive Compensation Review -- Hewitt   **Peter Egan**
      C. October Board Review                    **Luis de Ocejo**
      D. Executive SERP Amendment - Vote        **Boon Ooi**

3:25 pm  **4.  Executive Session**

      A.  CEO Compensation Action - Vote       **Luis de Ocejo**
      B.  Executive Actions/Updates           **Luis de Ocejo**
         –  Alan Brown
         –  Joseph Chow - Vote
         –  Thomas McCrossan - Vote
         –  David Spina Pension - Vote
         –  Timothy Harbert Death Benefits - Vote
      C.  Financial Update - Annual Incentive Plan   **Ronald Logue**

Plaintiff's exhibit 29

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN BROWN,<br>  Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, and<br>STATE STREET GLOBAL<br>ADVISORS,<br>  Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 05-11178-NG<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## FIRST SET OF INTERROGATORIES

Plaintiff, by his attorneys, objects generally to the defendants' first set of interrogatories to the plaintiff on the grounds and to the extent that they are vague, ambiguous, overly broad, unduly burdensome, seek information that is not relevant to the claims or issues raised in this lawsuit, violate the privacy rights of the plaintiff or third parties, are not reasonably calculated to lead to the discovery of admissible evidence, seek information that is protected by the work product doctrine or attorney/client privilege, or any other privilege, or are otherwise not properly discoverable under Fed. R. Civ. P. 26(b). Subject to and without waiving these objections, the plaintiff responds to each interrogatory below, and reserves the right to supplement his responses as appropriate.

## INTERROGATORY NO. 10

*State the basis for your allegation in paragraph 27 of the complaint that "Mr Spina had apparent authority to commit State Street to the modified VSP benefits."*

<u>Answer</u>:

I believed based on his position that he had authority to make the offer and enter into the agreement as he did. He was an honourable person and I do not believe he would have entered into an agreement that he was not authorized to enter into. I believed and it appeared that the Compensation Committee had approved of the VSP in principle and that Mr. Spina had authority to make modifications and exceptions to portions of the general plan. I was unaware of any instance in which State Street had refused to put into effect any employment-related decision made by Mr. Spina. It was my belief that Mr. Spina made numerous significant decisions on behalf of State Street, including decisions concerning employment matters, which State Street accepted and implemented, without him having to obtain approval. Further, neither Mr. Spina nor any other representative of State Street ever informed me that State Street had repudiated the agreement I entered into with Mr. Spina.

Objection:

The plaintiff objects to this interrogatory as beyond the scope of discovery. The interrogatory does not seek relevant information nor is it reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 14

*Identify any current or former employee, officer or director of a) State Street, b) State Street Bank or c) SSgA with whom you have had contact on or after March 11, 2005.*

Objection:

The plaintiff objects to this interrogatory as beyond the scope of discovery. The interrogatory does not seek relevant information nor is it reasonably calculated to lead to the discovery of admissible evidence.

Answer:

Without waiver of the foregoing objection, please see my answer to Interrogatory No. 12 for explanation of post-March 11, 2005 communications with Hunt. Additionally, I communicated with Shames on March 11 and March 12, 2005.

Signed under the pains and penalties of perjury this 26th day of February 2006.

ALAN BROWN

As to objections only:

HARVEY A. SCHWARTZ

I certify that on February 27, 2006, I served a copy of the attached document on defendants counsel by overnight delivery.

HARVEY A. SCHWARTZ

8

Plaintiff's exhibit 30

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN BROWN,<br>     Plaintiff,<br><br>v.<br><br>STATE STREET CORPORATION, and<br>STATE STREET GLOBAL<br>ADVISORS,<br>     Defendants. | )<br>)<br>)<br>)<br>)     C.A. No. 05-11178-NG<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
FIRST SET OF INTERROGATORIES**

Plaintiff, by his attorneys, objects generally to the defendants' first set of interrogatories

to the plaintiff on the grounds and to the extent that they are vague, ambiguous, overly broad,

unduly burdensome, seek information that is not relevant to the claims or issues raised in this

lawsuit, violate the privacy rights of the plaintiff or third parties, are not reasonably calculated to

lead to the discovery of admissible evidence, seek information that is protected by the work

product doctrine or attorney/client privilege, or any other privilege, or are otherwise not properly

discoverable under Fed. R. Civ. P. 26(b).  Subject to and without waiving these objections, the

plaintiff responds to each interrogatory below, and reserves the right to supplement his responses

as appropriate.

*Describe those acts you took, or failed to take, in reliance on the offer for the modified VSP or the offer to extend your eligibility for the VSP.*

Answer:

As a leading CIO while I was with SSgA, I regularly received calls from head hunters or others trying to interest me in alternative employment opportunities. After reaching an agreement with Spina in June 2003 and in reliance on that agreement, I consistently turned down these overtures without discussion or enquiry. Indeed, I had no conversations with other asset management companies during my employment with SSgA. Further, I did not challenge the fact that the original VSP was not offered to me, despite the fact that it was only by way of a technicality that it was not offered to me. The reason for that was that I understood that I had an agreement with Spina whereby he had extended in all material ways the VSP to me.

Objection:

The plaintiff objects to this interrogatory as beyond the scope of discovery. The interrogatory does not seek relevant information nor is it reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 14

*Identify any current or former employee, officer or director of a) State Street, b) State Street Bank or c) SSgA with whom you have had contact on or after March 11, 2005.*

Objection:

The plaintiff objects to this interrogatory as beyond the scope of discovery. The interrogatory does not seek relevant information nor is it reasonably calculated to lead to the discovery of admissible evidence.

Answer:

Without waiver of the foregoing objection, please see my answer to Interrogatory No. 12 for explanation of post-March 11, 2005 communications with Hunt. Additionally, I communicated with Shames on March 11 and March 12, 2005.

Signed under the pains and penalties of perjury this 26th day of February 2006.

ALAN BROWN

As to objections only:

HARVEY A. SCHWARTZ

I certify that on February 27, 2006, I served a copy of the attached document on defendants counsel by overnight delivery.

HARVEY A. SCHWARTZ

8

Plaintiff's exhibit 31

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------- x

ALAN BROWN,                                    :    Case No. 05 Civ. 11178 (NG)
                                               :
                          Plaintiff,           :
                                               :    **DEFENDANTS STATE STREET**
        -against-                              :    **CORPORATION'S AND STATE**
                                               :    **STREET GLOBAL ADVISORS'**
STATE STREET CORPORATION                       :    **OBJECTIONS AND RESPONSES TO**
and STATE STREET GLOBAL                        :    **PLAINTIFF ALAN BROWN'S FIRST**
ADVISORS,                                      :    **SET OF INTERROGATORIES (Nos. 1-**
                                               :    **13)**
                          Defendants.          :

------------------------------------------------------- x

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local

Rule 33.1 for the United States District Court for the District of Massachusetts, defendants State

Street Corporation (the "Corporation") and State Street Global Advisors ("SSgA") (collectively

"State Street") respond as follows to plaintiff Alan Brown's ("Brown") First Set of

Interrogatories to State Street, dated January 26, 2006 (Nos. 1-13).

## GENERAL OBJECTIONS

        State Street incorporates by reference as though fully set forth in these answers

each of its general objections and each of its previous specific objections to any specific

numbered interrogatory.

        1.      To the extent that any definition or instruction does not comport with the Local

Rules or the ordinary meaning of the word itself, State Street and its counsel will follow the rule

and apply the ordinary meaning of the word.

        2.      State Street objects to the interrogatories to the extent they seek information or

documents protected by the attorney-client privilege, the work product doctrine, the accountant-

client privilege or any other applicable privilege or protection from discovery.  State Street's

Interrogatory No. 7:

Please identify all actions taken by State Street to determine what, if any, offers had been made to Alan Brown in regard to VSP.

**Response to Interrogatory No. 7:**

In addition to its general objections, State Street objects to this interrogatory on the grounds that it is vague and ambiguous, especially as to the terms "offer" and "VSP." State Street also objects to this interrogatory to the extent that it seeks information that is subject to the attorney-client privilege and that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, State Street responds as follows: David Spina prepared a letter, dated June 30, 2004, to Robert Weissman, Chairman of the Executive Compensation Committee. This letter concerned discussions Mr. Spina had with Brown regarding the Voluntary Separation Program. After receiving this letter, Mr. Weissman responded by requesting further information of Mr. Spina's discussions with Brown.

## VERIFICATION

I, Boon Ooi, declare under penalty of perjury that the information provided in response to the Interrogatories directed at defendants State Street Corporation and State Street Global Advisors, set forth in the foregoing Defendants' Objections and Responses to Brown's First Set of Interrogatories, is true and accurate to the best of my knowledge and belief, and that I am authorized to make this Verification on behalf of State Street Corporation and State Street Global Advisors.

Dated: _March 14_, 2006

_[signature]_
Boon Ooi

16

Plaintiff's exhibit 32

**CONFIDENTIAL**

A meeting of the Executive Compensation Committee of State Street Corporation was held on Wednesday, June 16, 2004, at 225 Franklin Street, Boston, Massachusetts.

Mr. Weissman, the Chairman, presided. Mr. Darehshori and Mr. Sergel were also present. Ms. Hill participated by teleconference.

Also present by invitation were Mr. Spina and Mr. Cutrell, who kept the minutes, and Messrs. de Ocejo and Ooi.

Mr. Weissman called the meeting to order noting the presence of a quorum.

Mr. de Ocejo presented and reviewed a summary of actions taken at the Committee's March 3, 2004, meeting following which Mr. Cutrell presented minutes of that meeting, which had been distributed previously. Upon motion duly made and seconded, it was unanimously

VOTED:    That the minutes of the meeting of the Executive Compensation Committee held on March 3, 2004 having been provided to the members, be and hereby are approved as presented.

Mr. Ooi presented and reviewed information on the State Street Retirement Plan and the State Street Salary Savings Program. He noted that State Street Corporation is the plan sponsor for both plans and reported that as of December 31, 2003, Retirement Plan assets were              , and Salary Savings Program assets were              He reviewed information on the Retirement Plan portfolio and noted that the SSgA Office of the Fiduciary Advisor was engaged in February 1999 to provide fiduciary advisory services, operational oversight and investment management. He reviewed Retirement Plan asset allocation information, and performance as of December 31, 2003 compared to the prior year period. He reviewed the State Street Salary Savings Program, which is a defined contribution program. He reviewed the benefit formula, and noted that vesting is immediate. He discussed investment options noting that there are fourteen options including the self-managed brokerage account. Mr. Ooi then reviewed information on the status of the Salary Savings Program funds and fund performance. He also briefed the Committee on the proposed restructuring of the Retirement and Salary Savings Program Committee into two separate committees, a Benefit Plans Committee and Plans Investment Committee. Discussion followed.

**REDACTED**

Mr. Ooi presented and reviewed information on the Corporation's two non-qualified benefit plans. He reviewed generally the terms of the Supplemental Executive Retirement Plan (SERP) which restores normal retirement benefits for executives earning over a certain salary. He also reviewed the Supplemental Defined Benefit Pension Plan (Executive SERP) which provides enhanced retirement benefits for certain executives at the executive vice president level and above, and which includes two individual agreements incorporated into the Plan in 1999. For each plan, he reviewed the number and nature of participants, eligibility, vesting, benefit formula, and for the combined plans he reviewed financial information, 2003 performance, and hypothetical market values. Discussion followed.

**REDACTED**

Mr. Ooi presented and reviewed a planning calendar for the Executive Compensation Committee which reviewed an annual cycle of items requiring action by the Committee. Discussion followed.

Mr. de Ocejo introduced a discussion on compensation philosophy and identified preliminary items for discussion and presentation at the October Board meeting. Discussion followed.

Mr. de Ocejo presented and reviewed a proposed compensation action for Executive Vice President. Mr. de Ocejo reviewed background information and reviewed the terms of the proposed compensation action. Following discussion, and upon motion duly made and seconded, it was unanimously

SSC 04669

REDACTED

Mr. de Ocejo previewed a preliminary list of actions to be taken at the Committee's next meeting scheduled for September 2004.  Discussion followed.

The meeting went into executive session at which time Messrs. Ooi and Cutrell left the meeting.  Mr. Weissman kept the minutes in the absence of the Secretary.

Mr. Spina briefed the Committee on a proposed severance package for a senior executive.  The Committee reviewed the rationale for the proposed deal and withheld a decision pending further review.  Mr. de Ocejo then left the meeting.

The Committee reviewed bonus award recommendations for several executives,                                                                who had been instrumental in the successful integration of the Global Securities Services business purchased from Deutshe Bank.   It was the consensus of the Committee that the proposed amounts are appropriate and are to be payable as soon as practicable and with appropriate communication.

The Committee reviewed bonus award recommendations for .                           The Committee discussed the proposed amounts as well as the date the awards would be payable.  Following discussion, and upon motions duly made and seconded, it was in each case unanimously

VOTED:



VOTED:

SSC 04670

The executive session concluded, and there being no further business, the meeting adjourned.

Dissolved.

A true record.

Attest:

_____
Charles C. Cutrell, III

_____
Robert E. Weissman

SSC 04671