UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN BROWN )<br>    Plaintiff )<br>)<br>v. )<br>)<br>STATE STREET CORPORATION and )<br>STATE STREET GLOBAL ADVISORS )<br>    Defendants ) | C.A. No. 05-11178-NG |

## MOTION TO STRIKE HEARSAY EVIDENCE

The plaintiff moves to strike Paragraph 61 of the Defendants' Statement of Uncontested Facts, and the deposition testimony to which that paragraph refers on the ground that the statement is hearsay and would not be admissible at trial. Fed. R. Civ. P., Rule 56(e). The evidence at issue is State Street Human Resources Manager Louis deOcejo's description of a conversation he claims to have had in August 2004 with SSgA head Timothy Harbert shortly before Harbert died. DeOcjeo testified at his deposition that Harbert confirmed that he and Alan Brown had discussed the EVSP plan with State Street CEO David Spina. DeOcejo further testified that he expressed his opinion that the Executive Compensation Committee would not approve such an agreement and that Harbert "was very much of the same view that anybody would ever agree to those terms." (Defendants' Exhibit 5, deOcejo deposition p. 39)[1].

The substantive law of the state is applied in a diversity action, such as the present case, but the Federal Rules of Evidence apply, rather than state evidentiary law. *Rivera v. Turabo Med. Ctr. P'ship,* 415 F.3d 162 (1st Cir. 2005). See Federal Rules of Evidence, Rule 1101. See also *Donovan v.*

---

[1] Typically, State Street misstated this testimony and, in its Statement of Uncontested Facts, ¶ 61, cited this testimony for the assertion that "deOcejo testified that he spoke with Harbert on this subject and that Harbert informed him that he knew the ECC would never approve an individual VSP-type arrangement."

*Sears Roebuck & Co.*, 849 F. Supp. 86 (D. Mass. 1994)(Massachusetts' statutory hearsay exception for statements of deceased person does not apply in federal court diversity action).

DeOcejo's testimony about what Harbert told him is classic hearsay and does not fall under any exception to the prohibition against such testimony in Fed.R.Evid., Rule 802. Further, as a statement of opinion by a layperson, even Harbert's direct testimony on this subject would be inadmissible.

This Court should strike Paragraph 61 of the defendants' statement of uncontested facts.

>Alan Brown, plaintiff
>By his attorneys,
>
>/s/ Harvey A. Schwartz
>HARVEY A. SCHWARTZ
> BBO. # 448080
>LAURIE A. FRANKL
> BBO # # 647181
>Rodgers, Powers & Schwartz
>18 Tremont Street
>Boston, MA 02108
>(617) 742-7010