UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------- x
ALAN BROWN,                              :   Case No. 05 Civ. 11178 (NG)
                                         :
              Plaintiff,                 :
                                         :
       -against-                         :
                                         :
STATE STREET CORPORATION                 :
and STATE STREET GLOBAL                  :
ADVISORS,                                :
                                         :
              Defendants.                :
------------------------------------------------------- x

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PARAGRAPH 61 OF THEIR STATEMENT OF UNDISPUTED FACTS

Plaintiff Alan Brown alleges that, during a conversation over three years ago, David Spina made a "commitment" to him and Timothy Harbert that was also binding on defendants (collectively, "State Street"). *See* Plaintiff's Rule 56.1 Statement, ¶ 48. State Street moved for summary judgment on the grounds that Brown never created a binding agreement with State Street, nor could he have without the approval of its Executive Compensation Committee (the "ECC"). At his deposition, Luis de Ocejo testified he told Brown that the ECC had reviewed what Brown had proposed to Spina but that "nothing was going to happen." (Defendants' Rule 56.1 Statement, ¶ 59). de Ocejo also testified that he told the same thing to Harbert, before Harbert passed away. As de Ocejo further testified, Harbert concurred that "[nobody] would ever agree" to what he and Brown had discussed with Spina. (*Id.*, ¶ 61).

Brown does not deny that the latter conversation took place but instead moves to strike Harbert's statement as hearsay. The motion should be denied because Harbert's statement is not being offered for its truth. Alternatively, the statement was unquestionably against Harbert's self interest, and thus falls within a classic exception to the rule. Ultimately, the

motion is nothing more than an attempt to divert the court's attention from the overwhelming evidence that Brown's alleged contract never came into existence, and his *ex post* efforts to create a contract over a year later created nothing.

Only those out-of-court statements offered "to prove the truth of the matter asserted" are hearsay. Fed. R. Evid. 801(c). Harbert's discussion with de Ocejo, on the other hand, is not being offered to show whether "anybody would ever agree" to what he and Brown had proposed to Spina (of which there is already sufficient proof to the contrary). Rather, it is being offered merely as evidence of Harbert's state of mind, particularly whether he believed he and Brown had reached a definite agreement with Spina during their conversation in 2003. Moreover, it is also evidence of why, after Brown had ignored the matter for over a year, Harbert did not join in Brown's effort to resurrect the issue with Spina in 2004. *See* Def. Mem. (D.E. 52) at 10 n.4. Accordingly, Harbert's statement to de Ocejo is not hearsay. *See Kassel v. Gannett Co., Inc.*, 875 F.2d 935, 945 (1st Cir. 1989) (hearsay rule does not exclude statements offered simply to prove state of mind); *see also* Fed. R. Evid. 803(3) (same).

Even if Harbert's statement is hearsay, it still falls squarely within the "statement against interest" exception to the rule, under which hearsay is admissible if (i) the declarant (here, Harbert) is unavailable and (ii) the statement "was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest...." Fed. R. Evid. 804(b)(3). Both elements are plainly satisfied here because, one, Harbert passed away in 2004 and, two, his statement directly contradicts the notion that he was entitled to valuable compensation benefits pursuant to his conversation with Brown and Spina in 2003. Accordingly, his statement would be admissible at trial. *See Pino v. Protection Maritime Ins. Co., Ltd.*, 599 F.2d 10, 13 (1st Cir. 1979) (district court properly admitted statement of deceased made against his interest under Rule 804(b)(3)).

Brown's token argument that this statement is also inadmissible lay opinion is equally unavailing. Harbert's statement to de Ocejo is not an "opinion" for the same reason it is not hearsay: it is not an analysis of what anyone in particular believed, but is instead merely an expression as to what he personally thought he was entitled. For these reasons, Brown's motion to strike Paragraph 61 of defendants' Statement of Undisputed Facts should be denied.

Dated:   New York, New York
         November 14, 2006

>                    Respectfully submitted,
>
>                    QUINN EMANUEL URQUHART
>                      OLIVER & HEDGES, LLP
>
>                    By: ___/s/ Peter Calamari_____
>                       Peter E. Calamari (*Pro Hac Vice*)
>                       Rex Lee (*Pro Hac Vice*)
>
>                    51 Madison Avenue, 22nd Floor
>                    New York, New York 10010
>                    (212) 849-7000
>
>                    HARE & CHAFFIN
>
>                    By: ___/s/ David B. Chaffin_____
>                       David B. Chaffin
>                       BBO No. 549245
>
>                    160 Federal Street
>                    Boston, MA  02110
>                    (610) 330-5000
>
>                    *Attorneys for Defendants*
>                       *State Street Corporation*
>                       *and State Street Global Advisors*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 14, 2006.

                              _____/s/ Rex Lee_____