```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------ x
ALAN BROWN,                                            :   Case No. 05 Civ. 11178 (NG)
                                                       :
                        Plaintiff,                     :
                                                       :
        -against-                                      :
                                                       :
STATE STREET CORPORATION                               :
and STATE STREET GLOBAL                                :
ADVISORS,                                              :
                                                       :
                        Defendants.                    :
------------------------------------------------------ x
```

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PARAGRAPHS 2, 3 AND 4 OF THE AFFIDAVIT OF ALAN BROWN

Defendants State Street Corporation (the "Corporation") and State Street Global Advisors ("SSgA") (collectively, "State Street") respectfully submit this memorandum of law in support of their motion to strike Paragraphs 2, 3 and 4 of the affidavit of plaintiff Alan Brown dated October 20, 2006 (D.E. 61-2).

### Preliminary Statement

In his amended complaint, Brown alleges that, over three years ago, he entered into an oral agreement with State Street's then-CEO, David Spina, to receive compensation benefits similar to those State Street offered to certain departing employees under a program called the Voluntary Separation Program (the "VSP"). State Street has moved for summary judgment, in part, on the grounds that (i) Brown knew any such agreement he hoped to reach with State Street first had to be approved by the Executive Compensation Committee (the "ECC") of State Street's Board of Directors and (ii) he never reached an agreement with Spina on the material terms of his purported contract because, among many other things, Brown did not

know how the VSP would apply to him. In its moving papers, State Street identified numerous admissions Brown made at his deposition demonstrating these were in fact the case.

Unable to escape the clear admissions he made at his deposition, Brown has now filed an affidavit from himself in an attempt to overhaul his previous testimony. Paragraphs 2, 3 and 4 of his affidavit, however, contradict his prior sworn statements and should be stricken. Paragraph 3 should be also be stricken on the grounds that it contains inadmissible lay opinion.

**I.  BROWN'S SELF-SERVING AFFIDAVIT CONTRADICTS HIS DEPOSITION TESTIMONY AND SHOULD BE STRICKEN.**

In his affidavit Brown states (i) that, though the ECC's charter was easily accessible on State Street's website, he did not read it until 2005, (Brown's Affidavit, ¶ 4) and (ii) that he "had been provided with *detailed* information about the VSP" and had "*detailed* conversations" about it with SSgA's three most senior managers. (*Id.*, ¶¶ 2-3) (emphasis added). These statements plainly contradict his prior testimony (i) that he had read the ECC's charter during his time at State Street and (ii) that, before this litigation began, he had reviewed at most "general" information on the VSP.

For example, at his deposition, Brown conceded he had read the ECC's charter, which plainly indicates that, for State Street's senior executives, the ECC must review and approve all "severance arrangements…and…any special or supplemental benefits:"

> Q. …In your experience as chief investment officer were you in a position to recommend compensation for people that worked for you?...
>
> Q. …Would [ECC approval] go as far down as you?
>
> A. Again, I don't know. I know, because it says so under its remit [or charter], that it includes David Spina's compensation. I don't know how much further down the organization it goes.
>
> Q. Do you have a copy of the executive compensation committee's remit, as you put it?
>
> A. Only such as is displayed on the Website.
>
> Q. And you have seen that?

2

A. Yes.

Q. And you know what it says?

A. Yes. (Brown Tr. 72-75; Defendants' Rule 56.1 Statement, ¶ 29).

Moreover, Brown admitted that he never saw the specific program documentation on the VSP nor did he understand all the various components a VSP agreement required (which he surely would have known if he in fact had "detailed" conversations on the VSP):

> Q. Did you get any documents from either John Marrs or John Snow [after this litigation began]?
>
> A. From John Marrs, no. From John Snow, a copy of the EVSP plan…
>
> Q. Didn't you have your own copy?
>
> A. No.
>
> Q. Why not?
>
> A. Because I wasn't given one.
>
> ***
>
> Q. Did you get VSP program materials at the time the VSP was offered?
>
> A. I reviewed general materials, but none obviously specific to myself…
>
> ***
>
> Q. So in theory, if the company were to want to…as a condition for your exercising whatever rights you might have had under the VSP or the EVSP, they could have asked you to sit out of work for a period of time?
>
> A. Possibly. I have no idea of the nature of the [non-competition] agreements that they have entered into with people. And I didn't receive this document [Boon Ooi's May 1, 2003 letter to eligible employees summarizing the VSP program] until after I left. (Brown Tr. 66, 88, 161; Defendants' Rule 56.1 Statement, ¶ 32).

Courts routinely reject attempts, such as Brown's here, "to patch up a party's deposition with his own subsequent affidavit" in order to create a genuine issue of fact sufficient to survive a motion for summary judgment. *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67 (7th Cir. 1995) (Posner, C.J.) Indeed, if an interested litigant (such as Brown) submits an affidavit that,

3

"without plausible explanation, contradicts his own prior deposition testimony," it must be stricken and afforded no weight in opposition to a motion for summary judgment. *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 85 (D. Mass. 1997). Moreover, the First Circuit is particularly suspicious of affidavits that are offered, as here, only *after* the opposing party has filed a motion for summary judgment. *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994).

Significantly, Brown offers no plausible explanation for the plain discrepancy between his affidavit and his prior testimony. Nor does he offer any reason why he should be allowed to "patch up" his deposition testimony now after State Street has already filed its motion for summary judgment, especially when he had the opportunity months ago to submit an errata sheet to correct or clarify his prior testimony (an opportunity, which he ignored).

Instead, he argues that State Street should have done this for him by asking more pointed questions at his deposition, particularly with respect to when he first read the ECC's charter. *See* Plaintiff's Opposition to State Street's Motion (D.E. 60) ("Pl. Opp.") at 12. Brown's half-hearted attempt to blame State Street is unavailing. First, the fact that Brown specifically referred to Spina (who had left State Street in June 2004) when discussing the ECC charter shows he clearly understood that State Street's questions were directed at his state of mind around the time he alleges to have created an agreement with Spina.

Moreover, for his entire deposition, Brown was represented by not one but two attorneys, either of whom could have corrected any ambiguities (though there were none). *See Colantuoni*, 44 F.3d at 5 (in rejecting the plaintiff's subsequent affidavit, the First Circuit found significant the fact that the plaintiff's "attorney was present at the deposition, and had the opportunity to clarify any incorrect impressions."). Without a better explanation to account for these disparities, Paragraphs 2, 3 and 4 of Brown's affidavit should be stricken.

## II. PARAGRAPH 3 OF BROWN'S AFFIDAVIT SHOULD ALSO BE STRICKEN BECAUSE IT CONTAINS INADMISSIBLE LAY OPINION.

Brown's statement in his affidavit (Brown's Affidavit, ¶ 3) that because he and Spina "so thoroughly understood the terms of the EVSP [they] did not need to discuss" them should be independently rejected as improper lay opinion. To be considered on a motion for summary judgment, evidence presented in an affidavit must be evidence that would be admissible if presented at trial through the testimony of the affiant (here, Brown) as a sworn witness. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (affidavits "shall set forth such facts as would be admissible in evidence…").

Brown's statement concerning Spina's state of mind, however, is merely speculation that is unsupported by anything in Brown's deposition or affidavit (or in Spina's deposition, for that matter). As a conclusory opinion that is not based on anything Brown in fact perceived, this statement would be inadmissible at trial. *See* Fed. R. Evid. 701 (limiting lay testimony, in part, to only those statements "rationally based on the perception of the witness."); *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 624 (1st Cir. 1988) (lay opinion suggesting little more than the result jury should reach is inadmissible). Accordingly, it should be stricken here as well. *See Alexis v. McDonald's Restaurants of Mass., Inc.*, 67 F.3d 341, 347 (1st Cir. 1995) (affirming district court's exclusion of inadmissible lay opinion at summary judgment); *Moos v. Hampshire College*, No. 97-civ-30262, 1999 WL 377259, at *4 (D. Mass. June 8, 1999) (excluding inadmissible lay opinion from consideration at summary judgment).

## Conclusion

For these reasons, State Street's motion to strike Paragraphs 2, 3 and 4 of the Affidavit of Alan Brown should be granted in its entirety.

Dated:   New York, New York
         November 30, 2006

                                        Respectfully submitted,

                                        QUINN EMANUEL URQUHART
                                          OLIVER & HEDGES, LLP

                                        By:   /s/ Peter Calamari
                                              Peter E. Calamari (*Pro Hac Vice*)
                                              Rex Lee (*Pro Hac Vice*)

                                        51 Madison Avenue, 22nd Floor
                                        New York, New York 10010
                                        (212) 849-7000

                                        HARE & CHAFFIN

                                        By:   /s/ David B. Chaffin
                                              David B. Chaffin
                                              BBO No. 549245

                                        160 Federal Street
                                        Boston, MA  02110
                                        (610) 330-5000

                                        *Attorneys for Defendants*
                                          *State Street Corporation*
                                          *and State Street Global Advisors*

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 30, 2006.

                                              /s/ Rex Lee