**quinn emanuel** trial lawyers | new york

WRITER'S DIRECT DIAL NO.
(212) 849-7171

WRITER'S INTERNET ADDRESS
petercalamari@quinnemanuel.com

January 3, 2007

**VIA ELECTRONIC CASE FILING**

Honorable Nancy Gertner
United States District Court
District of Massachusetts
Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Re:   *Alan Brown v. State Street Corporation and State Street Global Advisors*
       Case No. 05 Civ. 11178 (NG)

Dear Judge Gertner:

We represent State Street Corporation and State Street Global Advisors (collectively, "State Street") in the above-captioned matter and submit this letter at Your Honor's suggestion to amplify our position with respect to certain issues that were raised at the December 19, 2006 summary judgment hearing.

**Brown's claim that the terms of his stock options have already been modified makes no sense.** At oral argument, Brown's attorney took the baffling position that Brown is not claiming "the agreement between [him] and Spina affected [his] stock options," even though Brown quite clearly seeks more favorable vesting and exercise terms than his current written grants provide. Hearing Tr., 26:21-3.[1] Instead, opposing counsel argued that, because the ECC had modified State Street's stock option and equity plans in 2003 for those employees who had *elected* to

---

[1] References are to the rough draft of the hearing transcript that was available at the time of this submission.

quinn emanuel urquhart oliver & hedges. llp

participate in the VSP, Brown could simply take advantage of those modifications. *Id.*, 27:17-22. The reason he could do so, opposing counsel continued, was because "Spina had authority to include Brown within the [VSP] for those purposes." *Id.*, 27:21-2.

This latest variation of Brown's many themes is wrong on two counts. First, it contradicts his claim that he is not seeking to participate in the VSP but rather is claiming rights to a contract entitling him to benefits similar to the VSP. *See id.*, 25:11-26:2; Pl. Opp. (D.E. 60), 28. Second, it is absolutely wrong on the merits in that Spina did not have the authority to include anyone he wanted in the VSP. By its approval, the Board (including the ECC) established the VSP's eligibility criteria and approved modifications to stock awards only for those eligible employees who elected the VSP. Def. Opp. (D.E. 63), 21; de Ocejo Tr. 19:10-22, Def. Ex. 52. Since Brown was not eligible for the VSP (and thus could not have elected to participate), the action taken by the ECC with respect to stock awards cannot possibly be construed to have resulted in an amendment to Brown's awards. Def. Reply (D.E. 73), 3-4. Moreover, neither Spina nor anyone else in management could unilaterally expand the parameters of the program. Brown knew this -- hence his testimony that he "assumed" the ECC had approved the VSP before it was implemented. Brown Tr. 79:15-80:7, Def. Ex. 3. Accordingly, opposing counsel's argument should be seen for what it is -- a last minute invention created by Brown in a vain attempt to repair the serious deficiencies in his case caused by his admission that he knew Spina could not do certain things, such as modify the terms of his stock options. *Id.* at 103:3-7.

**There is no evidence of detrimental reliance.** At the hearing, Your Honor inquired about Brown's promissory estoppel claim. As discussed in State Street's motion papers, Brown cannot establish such a claim because (i) the same vagueness issues that defeat his contract claim are equally fatal to his promissory estoppel claim; (ii) reliance is unreasonable as a matter of law where, as here, the plaintiff either relies on oral representations despite contradictory written statements or knows that any promise is contingent on future events; and (iii) there is no evidence of detriment. Def. Mem. (D.E. 52), 23-5.

In response to the Court's questioning on the issue of detriment, opposing counsel represented that Brown would have left State Street had it not been for his conversation with Spina. Hearing Tr., 35:7-19. In Massachusetts, however, self-serving representations of this type are clearly insufficient to show detriment. *Hall v. Horizon House Microwave, Inc.*, 506 N.E.2d 178, 184 (Mass. App. Ct. 1987) (cited in Def. Mem., 24), for example, is on point. There, the plaintiff alleged he had stayed with his employer longer than he would have in reliance on a promise that he would receive stock options. Affirming a directed verdict for the employer on this issue, the court concluded there was no detriment because, one, the plaintiff continually received pay increases and, two, there was no evidence that he would have fared better if he had the left the company during the relevant period. *Id.* The same problems plague Brown's promissory estoppel claim. As in *Hall*, Brown's total compensation grew from 2003 through 2004, Brown Tr., 165:13-18, Def. Ex. 3, and there is certainly no evidence that Brown passed up an

Honorable Nancy Gertner
January 3, 2007
Page 3

opportunity to earn more. Thus, even if opposing counsel's assertions that Brown would have left in 2003 are accepted, Brown's promissory estoppel claim still fails.

**Ratification is inapplicable to the facts of this case.** Opposing counsel argued at the hearing that the ECC ratified Brown's purported agreement simply by failing to repudiate it. Hearing Tr., 38:4-21. We believe this argument was completely refuted by State Street's papers (*see* Def. Mem., 25-7; Def. Opp., 6-16), and thus there is no need to burden the Court with further discussion on this issue.

For these reasons as well as those set forth in State Street's briefing, State Street's motion for summary judgment should be granted in its entirety.

Respectfully submitted,


| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | HARE & CHAFFIN |
|---|---|
| By:  /s/ Peter Calamari    Peter E. Calamari *(Pro Hac Vice)*    Rex Lee *(Pro Hac Vice)* | By:  /s/ David B. Chaffin    David B. Chaffin    BBO No. 549245 |
| 51 Madison Avenue, 22nd Floor  New York, New York 10010  (212) 849-7000 | 160 Federal Street, 23rd Floor  Boston, Masssachusetts 02110  (617) 330-5000 |

*Attorneys for Defendants
State Street Corporation
and State Street Global Advisors*


**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 3, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Rex Lee